LEE BROOKS BYARD v. COMMISSIONER OF TAXATION.[1]

January 17, 1941.

No. 32,495.

[1]Reported in 296 N. W. 10.

*Shearer, Byard & Trogner,* for relator.

*J. A. A. Burnquist,* Attorney General, and *P. F. Sherman,* Assistant Attorney General, for respondent.

HILTON, JUSTICE.

*Certiorari* to the board of tax appeals by relator, Lee Byard, against whom an additional income tax was assessed for the year 1937.

Relator, a member of a partnership, reports his income upon the calendar year basis. He includes therein his distributive share in the partnership income which he receives monthly. The partnership reports its income upon the fiscal year basis, July 1 to June 30. Relator, in applying the rate increases introduced by Ex. Sess. L. 1937, c. 49, § 6, 3 Mason Minn. St. 1938 Supp. § 2394-6, computed his 1937 tax as follows: He applied the 1936 rates to one-half of his distributive share and the 1937 rates to the other half, claiming the right to do so by virtue of *Id.* § 21, which added § 32-1 (Mason, 1938 Supp. § 2394-32a) to the 1933 income tax act. Section 32-1 provides:

"The tax imposed on a taxpayer for a period beginning in one calendar year (hereinafter called 'first calendar year') and ending in the following calendar year (hereinafter called 'second calendar year'), whenever the law applicable to the first calendar year is different from the law applicable to the second calendar year, shall be the sum of (1) that proportion of a tax for the entire period, computed under the law applicable to the first calendar year, which the portion of such period falling within the first calendar year is of the entire period, and (2) that proportion of a tax for

the entire period, computed under the law applicable to the second calendar year, which the portion of such period falling within the second calendar year is of the entire period."

The commissioner of taxation refused to allow relator the benefits of this section upon the theory that for tax purposes relator's income from the partnership was received and determined on June 30, 1937. As such, this income was taxable at the increased rates, and a deficiency tax was assessed against relator. The commissioner's decision that § 32-1 is inapplicable to relator because not a taxpayer reporting upon the fiscal year basis was affirmed by the board. Allegedly, such construction is erroneous and its nonapplication to relator, when considered together with L. 1933, c. 405, § 30(a, d) (3 Mason Minn. St. 1938 Supp. § 2394-30), results in an unconstitutional discrimination contrary to Minn. Const. art. 9, § 1, and the equal protection clause of U. S. Const. Amend. XIV.

■ Under § 30(a), the partnership entity is not taxed. Only the partner's distributive share, whether distributed or not, in the partnership net income for the taxable year (here fiscal) which ends within the partner's taxable year (here calendar) shall be included in computing the partner's income. By § 30(d), the rates applicable to partnership net income, which each partner must return individually, are those applicable "to the partner's taxable year during which he is required to include it in his taxable net income." In relator's case, that year was 1937. Whether distributed monthly or not, the taxable net income of the partnership is determinable only at the end of its accounting period. 4 Paul & Mertens, Law of Federal Income Taxation, § 33.26, p. 34; Rottschaefer, "The Minnesota State Income Tax," 18 Minn. L. Rev. 93, 109; Guaranty Trust Co. v. Commr. of Int. Rev. 303 U. S. 493, 498, 58 S. Ct. 673, 82 L. ed. 975; Shonnard v. Price (D. C.) 49 F. (2d) 794. Since for tax purposes relator received his distributive share of the partnership income during a calendar year for which the increased rates were effective, Ex. Sess. L. 1937, c. 49, § 34(a)(1) (3 Mason Minn. St. 1938 Supp. § 2394-59[a][1]), it will be seen

that relator's computation of the tax by reference in part to the 1936 rates was erroneous unless permitted by § 32-1.

We think correct a construction which limits the application of § 32-1 to taxpayers upon a fiscal year basis. Under this section, "the tax imposed on a taxpayer for a period beginning in one calendar year * * * and ending in the following calendar year" shall be determined by application of rates for the two different years in their proper proportions. Where, as here, the rate structure is effective from January 1, 1937, relator's tax liability for the calendar year can be computed without any consideration of the 1936 rates. This, however, is not true as to fiscal year taxpayers. Their tax year falls within two calendar years. Relator's tax year is 1937 and no other. During that year, a liability to report his share of partnership net income accrued. Obviously, this item of income must be reported then along with any other. Though the interval of time during which the partnership net income is determined extends over two calendar years, July 1, 1936, to June 30, 1937, yet this interval is not a "period" for which a tax is imposed upon a taxpayer beginning in one and ending in the next calendar year. Clearly, "period" as used in § 32-1 has reference to a tax year of 12 months in length, which in relator's case runs from January 1 to December 31, 1937. Since no tax is imposed upon him for a "period" which extends over two calendar years, he cannot avail himself of § 32-1.

Any possible doubt as to the correctness of this construction is dispelled by the section relating to the effective date of the 1937 act. Ex. Sess. L. 1937, c. 49, § 34, provides in part:

"(a) This law shall take effect from and after its passage [July 15, 1937], but shall apply in computing taxes as follows:

"(1) To the taxable year 1937 and all subsequent years of taxpayers reporting on a calendar year basis.

"(2) To the taxable year ending during the calendar year 1937 of taxpayers reporting on a fiscal year basis, in which case the tax shall be computed as provided in Section 32-1 hereof; and to all subsequent taxable years of such taxpayers."

Thus it will be seen that § 34(a)(2) specifically makes available to taxpayers reporting upon a fiscal year basis the method of computation provided by § 32-1.

The conclusion follows that relator's taxable income for the calendar year 1937 must be computed by the application of the increased rate structure to all items of income, including his distributive share of the partnership net income.

■ Relator's energetic argument relative to the alleged unconstitutionality of § 32-1 deserves little attention. While seeking the benefits of this section, relator attacks its constitutionality. This under established doctrine cannot be done. Rottschaefer, Const. Law, §§ 27-30, p. 30; Hurley v. Commission of Fisheries, 257 U. S. 223, 225, 42 S. Ct. 83, 66 L. ed. 206; cf. Pierce Oil Corp. v. Phoenix Refining Co. 259 U. S. 125, 128, 42 S. Ct. 440, 66 L. ed. 855; Grand Rapids & Indiana Ry. Co. v. Osborn, 193 U. S. 17, 24 S. Ct. 310, 48 L. ed. 598.

Affirmed.

MR. JUSTICE STONE took no part.

