# RICHARD P. GALE v. COMMISSIONER OF TAXATION.[1]

April 29, 1949.

No. 34,889.

[1]Reported in 37 N. W. (2d) 711.

*J. A. A. Burnquist,* Attorney General, and *Charles P. Stone,* Assistant Attorney General, for relator.

*Snyder, Gale, Hoke, Richards & Janes* and *Edmund T. Montgomery,* for respondent.

MATSON, JUSTICE.

Certiorari to the board of tax appeals on petition of the commissioner of taxation.

Respondent, Richard P. Gale, is the duly appointed executor of the estate of Sarah P. Gale, who died November 14, 1944. On January 30, 1946, respondent filed a fiduciary income tax return for the estate covering the period beginning *November 14, 1944, and ending October 31, 1945.* This return disclosed that respondent between May 14, 1945, and October 24, 1945, sold short-term capital assets (held less than six months) at a profit of $323.38, and long-term assets (held more than six months) for a profit of $76,329.38. These profits formed the basis for a listing in respondent's return of income capital gains of $38,488.07, being the total of 100 percent of the short-term capital gains of $323.38 and 50 percent of the long-term gains of $76,329.38. Was respondent justified in reporting for tax purposes only 50 percent of the long-term capital gains?

Prior to the amendment of M. S. A. 290.16 by the enactment of L. 1945, c. 596, § 1, the computation of the tax was clearly required to be based upon 100 percent of the total income gains from the sale and exchange of *both long- and short-term* capital assets. The 1945 amendatory act, c. 596, § 1, subd. 4, provides that the computation may be made upon only 50 percent of the total income gains from long-term capital assets plus 100 percent of the total gains from short-term assets. Were the benefits of this statutory amendment available to respondent for the tax period which commenced on November 14 in the calendar year of 1944 and ended on October 31

in the calendar year of 1945? Section 4 of c. 596 (now M. S. A. 290.67) specifically provides:

"The provisions of this act shall apply to all *taxable years* beginning *after* December 31, 1944." (Italics supplied.)

Respondent, in calculating his tax upon a basis of 50 percent of the long-term capital gains, applied the tax-computation formula set forth in M. S. A. 290.33, which provides:

"The *tax imposed* on a taxpayer *for a period beginning in one calendar year,* hereinafter called 'first calendar year,' *and ending in the following calendar year,* hereinafter called 'second calendar year,' *when the law applicable to the first calendar year is different from the law applicable to the second calendar year,* shall be the sum of (1) that proportion of a *tax* for the entire period, *computed under the law applicable to the first calendar year,* which the portion of such period falling within the first calendar year is of the entire period, and (2) that proportion of a *tax* for the entire period, *computed under the law applicable to the second calendar year,* which the portion of such period falling within the second calendar year is of the entire period." (Italics supplied.)

On June 10, 1947, the commissioner made and filed an order assessing an additional tax against respondent upon the theory that the 1945 amendment to § 290.16 was not applicable to respondent for the taxable year covered by the return. Upon appeal, the board of tax appeals held the order of the commissioner to be erroneous and directed him to compute the tax pursuant to the provisions of § 290.33.

The term "taxable year" as used herein is defined by statute (§ 290.01, subd. 9) as meaning the tax return period for which taxes are imposed, whether such period be a calendar year, a fiscal year, or a fractional part of a year.

We cannot agree with the commissioner that § 290.33 is not self-operative and that it is to be applied only when the legislature expressly calls it to action for a specific purpose. By its very terms, the tax-computation formula established by § 290.33 applies auto-

matically whenever two distinct circumstances arise, viz.: (1) When a tax is imposed on a taxpayer for a period beginning in one calendar year and ending in the succeeding calendar year; and (2) when the law applicable to the first calendar year is different from the law applicable to the second calendar year. Its terms have remained unchanged since its enactment in 1937. On several occasions, however, related statutory sections have been so amended that the law has differed from one calendar year to another, and in these cases the legislature has regularly provided that the statutory changes should apply only to certain *taxable years* beginning after or with a designated future date. By thus deferring the operative effect of these statutory changes and limiting their application to *taxable years* which begin after or with a certain date, the legislature has not only recognized the self-operative quality of § 290.33, but has also regularly expressed an actual intent to postpone and confine the use of its tax-computation formula to those tax return periods which commence after or with a specified time. An examination of the specific phraseology found in L. 1945, c. 596, § 4, and as used in legislative amendments for prior years, indicates that the legislature has not intended that the computation formula of § 290.33 should be available to respondent and others similarly situated.

■ We turn first to the specific wording of L. 1945, c. 596, § 4, which provides that the provisions of the act "shall apply to all *taxable years* beginning after December 31, 1944." (Italics supplied.) Respondent asserts that there is at least an ambiguity as to whether the phrase "beginning after December 31, 1944," relates to the words "taxable years" or to the words "this act shall apply." He seeks to have the court interpret the section as if it read: "Beginning after December 31, 1944, the provisions of this act shall apply to all taxable years." Transposition of words and phrases is authorized only where it is necessary to give the statute meaning and avoid absurdity, where it is necessary to make the act consistent and harmonious throughout, where the mistake is obvious, or where it is apparent on the face of the statute that the word or phrase has

been misplaced through inadvertence. 2 Sutherland, Statutory Construction (3 ed.) § 4927. Here, we have no justification for transposition. Taking the words as they are, without any transposition and without resorting to any additional punctuation, their natural import is to convey a meaning in which the phrase "beginning after December 31, 1944," qualifies the words "taxable years." In other words, the obvious meaning is the same as if the sentence were changed to read: "The provisions of this act shall apply to all taxable years *which begin* after December 31, 1944." If this were not so, why did the legislature use the words "taxable years" at all? If the phrase "beginning after December 31, 1944," qualifies the words "this act shall apply," then we are in effect holding that the use of the words "taxable years" was without purpose and wholly futile, in that it would have been necessary only to say: "The provisions of this act shall apply after December 31, 1944." A statute should be so construed that, if it can be prevented, no clause, word, or sentence will be superfluous, void, or insignificant.[2] It would indeed be a forced construction in contradiction to the obvious legislative intent if we were to hold the provisions of L. 1945, c. 596, applicable to *taxable years* beginning *prior* to December 31, 1944.

Shall we by indirection give effect to the provisions of c. 596 with respect to a *taxable year* beginning *prior* to December 31, 1944, on the theory that, although this statute could not be directly applied to respondent's tax year, nevertheless it existed as a suspended legislative enactment which in effect created a different law for the calendar year of 1945 from that applicable to the preceding calendar year, and that therefore the tax-computation formula of § 290.33 should apply to respondent's *taxable year* which began in 1944 and ended in 1945. By this process of reasoning, the provisions of c. 596 would become applicable to a taxable year beginning *prior* to De-

[2]First Div. St. P. & P. R. Co. v. City of St. Paul, 21 Minn. 526; State ex rel. Oakland Cemetery Assn. v. City of St. Paul, 36 Minn. 529, 32 N. W. 781; Hall Hardware Co. v. Gage, 197 Minn. 619, 622, 268 N. W. 202, 204; 6 Dunnell, Dig. & Supp. § 8951, and cases cited in note 65, and § 9173; Crawford, Statutory Construction, § 194.

cember 31, 1944, and the legislative intent would be thwarted. It is to be presumed that the legislature did not intend the absurd result of permitting by indirection that which it has prohibited by direct provision. Basically, there is an irreconcilable conflict between c. 596, § 4, and § 290.33. When the provisions of two or more laws passed at different sessions of the legislature are irreconcilable, the law latest in date of final enactment shall prevail. § 645.26, subd. 4. By c. 596, § 4, the legislature clearly intended to prevent the tax-computation formula of § 290.33 from being applied directly or indirectly to any *taxable year* beginning prior to December 31, 1944. There is no basis for reconciling two conflicting enactments when to give effect to both of them contravenes the legislative intent. Likewise, the remedial nature of legislation does not justify a construction which gives to statutory language an application and meaning not intended by the lawmakers. Jung v. St. Paul Fire Dept. Relief Assn. 223 Minn. 402, 27 N. W. (2d) 151. The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. § 645.16.

■ Our construction of the wording of § 4 (§ 290.67), as related to § 290.33, is sustained by an examination of the legislative history of both sections. § 645.16(7). From the very beginning, the legislature has regularly used phraseology similar to that employed in § 4 in restricting the application of the tax-computation formula of § 290.33. The latter section first appeared as Ex. Sess. L. 1937, c. 49, § 21. Section 34(a)(3) of the same act specifically restricted the operative effect of the formula to certain taxable years in language similar to that of § 4, by providing:

"This law shall * * * apply in computing taxes as follows:

* * * * *

"(3) To every taxable year commencing on or after January 1, 1937, * * *."

In the light of the context, there is no question that the language was employed to convey an intent to restrict the formula as we have indicated. In L. 1939, c. 446, § 24, we have language practically

identical with that of the present § 4. L. 1941, c. 550, § 24, follows the language of the original 1937 act. In L. 1943, c. 656, § 31, language practically identical with that of § 4 was again used. In fact, in 1945, the same legislature which had enacted c. 596 also enacted c. 604, wherein by § 31 the phrases *"all taxable years beginning after December 31"* and *"all taxable years beginning on or after January 1"* were each used twice. In the light of the context of these enactments through the legislative years of 1937, 1939, 1941, 1943, and 1945, clearly the legislature has consistently used language similar to that of § 4 to express an intent that the tax-computation formula should be wholly suspended in its operation so as *not* to apply to *taxable years* which began *prior* to a designated date.

◼ In keeping with this expressed intent is the administrative interpretation by the state income tax division since 1937. In ascertaining legislative intent, administrative interpretations of a statute may be considered (§ 645.16[8]), and where such interpretations are of long standing, they are entitled to great respect and should not be disturbed except for very cogent reasons. Mattson v. Flynn, 216 Minn. 354, 13 N. W. (2d) 11. Here, the administrative interpretations are of comparatively short duration, and their weight is correspondingly diminished; nevertheless, they are entitled to some consideration, especially where intervening sessions of the legislature have given interested parties—who may have deemed themselves prejudiced by such interpretation—an opportunity to urge corrective amendments to change the course of such interpretation. Many thousands of individuals have in the meantime been affected by our state income tax administration. Income taxation is direct and personal in its application to the individual, and it may safely be assumed that an administrative interpretation which has been applied to thousands of individuals—if thought to be erroneous and prejudicial to any appreciable number of them—will be promptly challenged in our legislative halls and that such challenge, if justified, will receive prompt corrective action by legislative amendment. Although the income tax law has been amended

a number of times since 1937, the legislature has not seen fit to make any material changes in the language employed herein.

The order and decision of the board of tax appeals is reversed.

Reversed.

UPON PETITION FOR REARGUMENT.

On May 27, 1949, the following opinion was filed:

MATSON, JUSTICE.

Through oversight, the writer of the foregoing opinion failed to include therein the court's consideration of the issue of constitutionality. Respondent's contention is that c. 596, § 4 (now M. S. A. 290.67), in deferring the application of the tax formula of § 290.33 to those taxable years which actually begin after December 31, 1944—whereby respondent loses the benefits of a tax computation based on a 50 percent (pursuant to L. 1945, c. 596, § 1, subd. 4) instead of a 100 percent total income gain from long-term capital assets—results in a clear and arbitrary discrimination between taxpayers in violation of U. S. Const. Amend. XIV, and of Minn. Const. art. 9, § 1.

Respondent seeks to invoke the provisions of c. 596, § 1, subd. 4, to secure the benefit of a tax computation based on a 50 percent instead of a 100 percent long-term capital assets income gain *and at the same time* asserts the unconstitutionality of another provision of the same act (c. 596, § 4) whereby the legislature has prescribed a limitation to the effect that the benefits of the act shall be available only to taxpayers whose actual tax year commences after a specified date. In conferring a right to a more advantageous basis of tax computation, the legislature obviously may prescribe a condition or limitation governing the time when the right shall become available. He who voluntarily invokes the benefits of a statute cannot assert the unconstitutionality of its limitations. B. & O. R. Co. v. Lambert Run Coal Co. (4 Cir.) 267 F. 776. Since a party cannot both assail and rely upon the validity of a statute in the same proceeding, he who assumes the validity of a statute by invoking its provisions to obtain a tax reduction may not attack its constitu-

tionality. Byard v. Commr. of Taxation, 209 Minn. 215, 296 N. W. 10; Hurley v. Comm. of Fisheries, 257 U. S. 223, 225, 42 S. Ct. 83, 66 L. ed. 206, 208; 6 Dunnell, Supp. § 8935; 34 Col. L. Rev. 1495, 1501.

The petition for rehearing is denied.

