REUBEN L. ANDERSON-CHERNE, INC. v.
ROLLAND F. HATFIELD, COMMISSIONER OF TAXATION.

158 N. W. (2d) 840.

October 13, 1967—No. 40,549.

*Lewis L. Anderson,* for appellant.

*Douglas M. Head,* Attorney General, *Jerome J. Sicora,* Assistant Attorney General, and *Don G. Paterick,* Special Assistant Attorney General, for respondent.

*Hayner N. Larson, Robert J. Christianson, Jack D. Gage,* and *Faegre & Benson,* for Minneapolis Star and Tribune Company, amicus curiae.

OTIS, JUSTICE.

This is an action by which plaintiff seeks to recover a refund of $4,126.97 for Minnesota income taxes paid in the year 1960. It is the taxpayer's claim that a loss which it reported in the year 1963, carried back and applied as a deduction to income reported for 1960, results in a reduction in the 1960 tax from $6,416.18 to $2,289.21. The issue is whether Minn. St. 290.095, subd. 4(h), requires that Federal income taxes paid for the year 1960 be added to the net income reported in that year for state income tax purposes before deducting the 1963 carryback loss. The matter was submitted to the trial court on a stipulation of facts. The court held that the Federal income taxes paid for the year 1960 could not under the statute be deducted from gross income in recomputing the state income tax for 1960 as adjusted by the 1963 loss carryback.

The pertinent provisions of § 290.095 are as follows:

"Subdivision 1. The term 'net operating loss' as used in this section shall mean the excess of the deductions of the kind provided for in section 290.09, permitted to be taken in computing a taxpayer's taxable net income, as that term is defined in section 290.01, subdivision 19, over the gross income used in computing such taxable net income, with the exceptions, additions and limitations provided in subdivision 4. * * *

"Subd. 2. (a) * * * [A] net operating loss for any taxable year commencing on or after January 1, 1957, shall be: (1) a net operating loss carryback to each of the three taxable years preceding the taxable year of such loss * * *.

\* \* \* \* \*

"Subd. 3. The amount of the net operating loss allowed as a deduction in computing net income shall be the aggregate of the net operating loss carryovers and carrybacks to the taxable year reduced by the amount, if any, by which the net income (computed with the exceptions and limitations provided in subdivision 4(b) through (h)) exceeds the net income (computed without such deduction).

"Subd. 4. The exceptions, additions and limitations referred to in subdivisions 1, 2, and 3 shall be as follows:

\* \* \* \* \*

"(h) Federal income and excess profits taxes shall not be allowed as a deduction in computing a net operating loss."

In computing the loss reported in 1963, both the taxpayer and the state restored the amount of Federal taxes to net income. The amount of loss claimed by the taxpayer was $44,376 while the state computed it to be $43,992. Federal taxes paid for the year 1960 amounted to $93,002.09. The state construed paragraph (h) to require that this amount be added to 1960 income before deducting the 1963 loss. Since the additional income as thus adjusted was more than twice as large as the loss carryback, it is the contention of the state that the taxpayer is entitled to no relief for the state income tax paid in 1960. This contention was upheld by the trial court.

The taxpayer urges us to adopt the literal language of paragraph (h) and apply that provision only to a computation of the 1963 loss and not to the 1960 gain. We agree that paragraph (h) is not clear on its face but believe it was the intention of the legislature that Federal taxes not be allowed in computing a net operating loss *deduction* and, therefore, the Federal tax must be added to income in both the year of loss and the year of gain.

The income tax regulations which have been promulgated by the commissioner of taxation have construed the statute in the manner for which the state contends. Minnesota Income Tax Regulation 2009.5(1) provides:

"A net operating loss is sustained by a taxpayer in any taxable year beginning after December 31, 1944, if and to the extent that, for such

year, there is an excess of deductions allowed by M.S.A. 290.09 over gross income, both computed with the following exceptions, additions and limitations:

\* \* \* \* \*

"(g) Federal income and excess profits taxes are not allowed."

The Board of Tax Appeals in Reuter v. Commr. of Taxation, decided June 26, 1961, determined in a similar case that § 290.095, subd. 4(h), applied to both the year of gain and the year of loss. In reaching this conclusion the board stated:

"We can understand to some extent Taxpayer's consternation here. By the specific provisions of the law it is required that he adjust his 1956 income by returning the amount of federal income taxes paid to taxable income. Because the same law then requires that the carry-over loss be reduced by the difference between the income so adjusted and the income without the adjustment, it means that this same amount of federal income tax paid is then also used to reduce the amount of carry-over loss. Taxpayer's position that this is not proper is not without some merit, but it must be remembered that only the legislature can grant deductions of any kind and statutes granting such deductions must be strictly construed. Here the Commissioner has computed the carry-over loss deduction exactly in the manner prescribed by law. The legislature has been cognizant of the Commissioner's interpretation of this section since 1947 and there have been no changes in the provisions of the statute. It is for the legislature and not this Board to change the meaning of Section 290.095."

In the case at hand the trial court also had some difficulty in sustaining the commissioner's position. In a memorandum accompanying its decision the trial court construed subd. 4(h) as referring to a "net operating loss *deduction*." (Italics supplied.) The court pointed out that subd. 3 refers to subd. 4(h) in recomputing income to apply the loss carryback in the year of gain, and relied to some extent on long-continued departmental construction,[1] as well as the rule resolving am-

---

[1] Gale v. Commr. of Taxation, 228 Minn. 345, 351, 37 N. W. (2d) 711,

biguities against the taxpayer where a deduction is involved. The United States Supreme Court has held in Helvering v. Inter-Mountain Life Ins. Co. 294 U. S. 686, 689, 55 S. Ct. 572, 574, 79 L. ed. 1227, 1230, that ambiguities in statutes imposing taxes are not resolved in favor of tax-payers with respect to deductions since the latter are allowed only when plainly authorized. That case was cited with approval by us in In re Estate of Abbott, 213 Minn. 289, 296, 6 N. W. (2d) 466, 469. More recently the United States Supreme Court held that the taxpayer has the burden of proving he comes within the statute allowing a deduction as the deduction is a matter of grace and not of right. United States v. Olympic Radio & Television, Inc. 349 U. S. 232, 235, 75 S. Ct. 733, 736, 99 L. ed. 1024, 1028.

We have therefore concluded that the legislature's acquiescence in the commissioner's interpretation of the statute is entitled to considerable weight and his construction of the law as set forth in the regulations and applied by the trial court is not so manifestly inconsistent with the statute as to require a reversal.

Affirmed.

UPON REARGUMENT.

On May 24, 1968, the following opinion was filed:

PER CURIAM.

Upon rehearing the court adheres to the opinion filed on October 13, 1967.

Affirmed.

---

716; Bremer v. Commr. of Taxation, 246 Minn. 446, 452, 75 N. W. (2d) 470, 474.