In re the Marriage of Lucille Ione MORITZ, petitioner, Respondent,

v.

Herbert John MORITZ, Appellant.

No. CX–84–1956.

Court of Appeals of Minnesota.

May 28, 1985.

David Musielewicz, St. Cloud Area Legal Services, St. Cloud, for respondent.

Ronald R. Frauenshuh, Sr., Frauenshuh, Fahlberg & Spooner, Paynesville. for appellant.

Heard, considered and decided by the court en banc, consisting of POPOVICH, C.J., and PARKER, WOZNIAK, LANSING, FORSBERG, RANDALL and CRIPPEN, JJ.

## OPINION

LANSING, Judge.

Appellant Herbert Moritz appeals from judgments of the trial court entered on September 4, 1984, and October 24, 1984. He contends the trial court erred in refusing to reduce his maintenance and support obligations, refusing to forgive arrearages, and ordering child support withheld from his disability payments. He also contends the trial court erred in increasing his child support obligation to conform with the statutory guidelines. We affirm in part, reverse in part, and remand.

## FACTS

The parties' marriage was dissolved by a judgment and decree in December 1979. Lucille Moritz was awarded custody of the couple's minor child, Dean, born June 19, 1967. Child support was set at $200 per month and maintenance at $300 per month. Herbert Moritz consistently refused to pay the full $500 per month required by the decree and paid instead $350 per month in maintenance and support. Lucille Moritz's only other income consists of $135 per month in social security payments drawn on the account of her deceased first husband.

At the time of the dissolution Herbert Moritz earned $2,100 per month. Beginning in 1980 he was unable to work because of shoulder problems, and his income decreased to $1,056 per month in disability payments.

In early 1980 Lucille Moritz moved for relief based on Herbert Moritz's nonpayment of support and maintenance. The matter was settled out of court. In September 1980 Herbert Moritz moved to reduce maintenance and support because of his disability. The trial court denied the motion, and there was no appeal.

In April 1981 Lucille Moritz again moved for relief based on nonpayment of maintenance and support. The trial court reduced the support and maintenance arrearages to judgment.

In February 1983 Herbert Moritz moved the court to forgive arrearages and reduce maintenance, again on the basis of his disability, which he alleged was permanent, and other health-related expenses. The trial court denied his motion, finding that there had been no substantial change of circumstances and that Herbert Moritz had the present ability to pay his support and maintenance obligation; authorized income withholding from his disability payments;

and ordered judgment for additional accrued support and maintenance arrearages. Again there was no appeal.

Because Herbert Moritz still refused to make his full support and maintenance payments, Stearns County attempted to enforce the withholding order against Aetna Insurance Company, the payor of Herbert Moritz's disability income. The company refused to withhold those payments, taking the position that Minn.Stat. § 550.39 (1982) exempts disability income from court-ordered withholding.

In April 1984 Lucille Moritz moved the court to find Herbert Moritz in contempt for willful failure to pay as ordered; for additional arrearages; and for an order directing Aetna to withhold income. Herbert Moritz, in response, moved for a reduction in support and maintenance and forgiveness of arrearages, but alleged no changed circumstances not already considered and rejected several times by the trial court.

In June 1984 Dean was notified by the Social Security Administration that as Herbert Moritz's dependent he was entitled to monthly payments and back benefits. He was paid $10,080.50 in back benefits and will receive monthly payments of $325 until June 19, 1985, when he turns 18. Lucille Moritz's attorney notified the court of these payments by letter in June, sending a copy to Herbert Moritz's attorney. There was no response from Herbert Moritz until his attorney sent a letter to the court, dated August 24, 1984, arguing that Dean's receipt of social security payments constituted a change of circumstances warranting a decrease in the support and maintenance obligations and forgiveness of arrearages.

On September 4, 1984, the court issued an order leaving support and maintenance unchanged, adding additional arrearages to those already accrued, and determining that disability payments are not exempt from withholding ordered under the marital dissolution statute. The trial court specifically found that Dean's receipt of social security disability benefits "does not constitute a change of circumstances."

In October 1984 Herbert Moritz moved again for a reduction in support and maintenance and for elimination of arrearages. He claimed that the issue of Dean's receipt of benefits had not been properly presented to the trial court and that Dean's receipt of the benefits in combination with his own decrease in income due to his disability constituted a substantial change of circumstances. Lucille Moritz in response moved for an increase in child support to $264 per month in accordance with the statutory guidelines and for a judgment for additional arrearages. The trial court in an order dated October 24 granted Lucille Moritz's requests and denied Herbert Moritz's motions.

### ISSUES

1. Is this appeal properly taken from judgments under Minn.R.Civ.App.P. 103.-03?

2. Did the trial court abuse its discretion in determining that Dean Moritz's receipt of social security disability benefits was not a change of circumstances?

3. Should social security payments to a minor child be applied to support or maintenance arrearages?

4. Did the trial court correctly determine that Minn.Stat. § 518.611 takes precedence over id. § 550.39 and that Herbert Moritz's disability benefits are therefore subject to income withholding?

5. Did the trial court err in applying the child support guidelines to modify child support?

### ANALYSIS

#### I

■ Lucille Moritz maintains that this appeal is improper because Herbert Moritz appealed from orders for judgment dated September 4, 1984, and October 24, 1984, which are nonappealable under Minn.R.Civ. App.P. 103.03. The record, however, shows that judgments were entered on the

same days the orders for judgment were filed. Although Herbert Moritz's brief indicates that he appealed from orders for judgment, his notice of appeal and statement of the case say the appeal is from judgments entered September 4 and October 24. We hold that the appeal was properly taken from the judgments.

## II

In the two judgments before us the trial court found that Dean Moritz's receipt of social security payments based on his father's disability was not a change of circumstances and that no reduction of support or maintenance was required.

■ The trial court correctly determined that the maintenance obligation was unaffected by the payments because they were intended for the benefit of the minor child.

The effect of a minor child's receipt of social security benefits on a support obligation was addressed in *Marriage of Haynes*, 343 N.W.2d 679 (Minn.Ct.App.1984). This court considered whether a parent ordered to make support payments is entitled as a matter of law to reduce those payments based on the child's receipt of social security dependency benefits on the parent's account. We held that "[r]eceipt of the social security dependency benefits is a change of circumstances," *id.* at 681, and that when modification of the support order is sought pursuant to § 518.64, subd. 2, "these benefits should be considered a factor in determining the needs of the children and financial circumstances of the parties," *id.* at 683. While "[t]his change alone * * * does not necessarily make the terms of the order unreasonable and unfair," *id.* at 681, the trial court erred in failing to consider Dean Moritz's receipt of dependency benefits a change of circumstances.

■ Herbert Moritz experienced a substantial decrease in income in 1980 because of his disability, which the trial court found did not render the terms of the decree unreasonable and unfair. He moved three times to modify child support and maintenance based on the original reduction in his income. Each motion was denied, and although Moritz did not appeal, he continued his refusal to pay the court-ordered amounts. While we recognize the difficulty faced by the trial court when continually confronted with motions to modify that allege no new changed circumstances, Herbert Moritz's decrease in income since the original decree remains a factor that should be considered in conjunction with the minor child's receipt of dependency benefits in determining whether the decree is presently "unreasonable and unfair." Minn.Stat. § 518.64, subd. 2 (1984). At the time of the dissolution Herbert Moritz's support and maintenance obligation constituted 24 percent of his income. After his disability, 47 percent of his income would have been required to pay the $500 per month obligation. Whatever consideration may have justified the trial court's refusal to modify in earlier proceedings, the child's decreased needs upon receipt of $325 per month and a $10,000 lump-sum back benefit payment must be taken into account. The trial court's failure to consider whether the order has been rendered unreasonable and unfair by the child's decreased needs upon receipt of the social security benefits in conjunction with Herbert Moritz's decreased income was an abuse of discretion.

## III

■ Herbert Moritz also argues that Dean Moritz's receipt of social security benefits constitutes a satisfaction of previous arrearages, which the trial court found to be a combination of unpaid support and maintenance. There was no satisfaction of accrued maintenance arrearages, however, because the benefits were received by Dean Moritz and therefore do not affect the obligation owed Lucille Moritz. As for support arrearages, in *Haynes* this court expressly stated that "a child's receipt of social security benefits from the account of a parent charged with support does not constitute payments from that parent." 343 N.W.2d at 682. In addition, reducing arrearages would constitute a retroactive modification of support, which may be

made "only upon a showing that any failure to pay in accord with the terms of the original order was not willful." Minn.Stat. § 518.64, subd. 2. No such showing was made here. Therefore, the trial court properly refused to apply Dean Moritz's dependency benefits to the accrued support and maintenance arrearages.

## IV

■ The trial court required "the employer or other payor of funds" to withhold support payments from Herbert Moritz's income in accordance with its order. Aetna Insurance Co., the payor of Herbert Moritz's disability payments, took the position that Minn.Stat. § 550.39 (1982) exempts disability payments. Under that section the

net amount payable to any insured * * * under any policy of accident or disability insurance * * * shall be exempt and free and clear from the claims of all creditors of such insured * * * and from all legal and judicial processes of execution, attachment, garnishment, or otherwise.

*Id.*

The marital dissolution statute, however, conflicts with § 550.39. It provides:

Whenever an obligation for support of a dependent child or maintenance of a spouse, or both, is determined and ordered by a court of this state, that court shall order the withholding of the amount of child support or maintenance as determined by court order, from the *income, regardless of source,* of the person obligated to pay the support or maintenance.

Minn.Stat. § 518.611, subd. 1 (1982). The statute defines "income" broadly as:

any form of periodic payment to an individual including, but not limited to, wages, salaries, payments to an independent contractor, workers' conpensation, unemployment compensation, annuity, military and naval retirement, pension and *disability payments.*

Minn.Stat. § 518.54, subd. 6 (1984) (emphasis added).

When a specialized provision conflicts with a general provision, the special provision prevails and is construed as an exception to the general provision. *See* Minn. Stat. § 645.26, subd. 1 (1984). The marital dissolution statute's specific provision addressing withholding from disability payments for nonpayment of support and maintenance therefore prevails.

■ This statutory construction is also supported by the rule that in cases of conflict the most recent statement of the legislature controls. *See id.,* subd. 4; *Gale v. Commissioner of Taxation,* 228 Minn. 345, 37 N.W.2d 711 (1949). The marital dissolution statute's definition of income was added in 1981. *See* 1981 Minn.Laws ch. 360, art. 2, § 45. It is thus a more recently enacted provision than the § 550.39 exemption for disability payments, which was enacted in 1937, *see* 1937 Minn.Laws ch. 191, § 1, and has remained unchanged since that time.

## V

■ In its October 24 order the trial court increased Herbert Moritz's support obligation from $200 per month to $264 per month, "the increase in child support to be in compliance with Minn.Stat. § 518.551 [the child support guidelines]."

A substantial change of circumstances rendering the decree unreasonable and unfair is a threshold requirement for application of the child support guidelines. *See Hadrava v. Hadrava,* 357 N.W.2d 376, 379 (Minn.Ct.App.1984). The trial court's application of the guidelines was inconsistent with its finding that no substantial change of circumstances had occurred. On remand the court must consider this threshold requirement before applying the guidelines.

## DECISION

The trial court abused its discretion by finding no substantial change of circumstances when the obligor's income had decreased by almost one half since the original decree and the minor child subsequent-

ly began receiving monthly social security dependency benefits and a lump-sum back benefit payment. It correctly determined that the maintenance obligation was unaffected by receipt of the payments and that there was no satisfaction of support and maintenance arrearages, but erred in applying the child support guidelines when it found no substantial change of circumstances.

Disability payments are subject to income withholding ordered under the marital dissolution statute.

Affirmed in part, reversed in part, and remanded.