HERSH PROPERTIES, LLC, Appellant,

v.

McDONALD'S CORPORATION,
et al., Respondents.

No. C9-97-992.

Court of Appeals of Minnesota.

Jan. 13, 1998.

Review Granted March 9, 1998.

Jocelyn L. Knoll, Gary C. Eidson, Fabyanske, Westra & Hart, P.A., Minneapolis, for appellant.

Eric J. Nystrom, Winthrop & Weinstine, P.A., St. Paul, for respondents.

Joseph M. Finley, Bradley J. Gunn, Leonard, Street and Deinard, Minneapolis, for amicus curiae Minnesota Land Title Association.

Considered and decided by LANSING, P.J., and KLAPHAKE and HOLTAN, JJ.

## OPINION

HARVEY A. HOLTAN, Judge.*

Appellant challenges the district court's order granting respondents' motion for sum-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

mary judgment, denying appellant's motion for summary judgment, and declaring the disputed signage easement invalid. We affirm.

### FACTS

Appellant Hersh Properties, LLC, owns a parcel of land in Minneapolis (the Hersh parcel). Appellant wishes to erect a sign on an adjacent parcel (the McDonald's parcel) pursuant to an easement benefiting the Hersh parcel. Respondent McDonald's Corporation owns the McDonald's parcel and leases it to respondent Choate & Company, Inc.

Prior to 1950, both parcels were owned in fee simple by the Robinsons. In 1925, the Robinsons registered title to their undivided property. In 1944, the Robinsons divided their property into two parcels and registered them separately, but retained ownership of both. In 1950, the Robinsons conveyed the Hersh parcel to Industrial Building Corporation (IBC) by a warranty deed that granted IBC an easement for ingress and egress over the McDonald's parcel, with the right to maintain a sign on the 15-foot easement strip. The Robinsons' residuary certificate of title designated that title to the remainder of their property was burdened by the signage easement. In 1964, IBC conveyed the Hersh parcel to Clarel Corporation by warranty deed. The certificate of title issued to Clarel designated that title to the Hersh parcel was benefited by the signage easement.

In 1984, the Robinson estate conveyed the remaining parcel to McDonald's by personal representative deed. McDonald's purchased title insurance, but the policy excluded coverage for the signage easement. McDonald's certificate of title designated that title to the McDonald's parcel was burdened by the signage easement.

In 1995, Clarel conveyed the Hersh parcel to appellant by warranty deed. The certificate of title issued to appellant designated that title to the Hersh parcel is benefited by the signage easement. Following the grant of the signage easement by the Robinsons in

the 1950 warranty deed, neither appellant nor its predecessors in interest filed a sworn notice with the Hennepin County Recorder or Registrar of Titles setting forth the name of the claimant of the signage easement, a description of the real estate affected, and the instrument on which the claim is founded.

Following the acquisition, appellant notified respondents that it wished to erect a sign within the easement area of the McDonald's parcel. Respondents refused to allow appellant to exercise its rights under the easement, so appellant sought to establish the easement's validity by initiating a declaratory judgment action in district court. Respondents asserted that appellant's failure to file a notice preserving its interest in the easement, as required by the Minnesota Marketable Title Act, Minn.Stat. § 541.023, had extinguished the signage easement.

After a hearing, the district court granted summary judgment in favor of respondents, denied appellant's motion for summary judgment, and declared the signage easement invalid. This appeal followed.

### ISSUES

I. Is the Minnesota Marketable Title Act applicable to property that has been registered pursuant to the Minnesota Torrens Act?

II. Did the district court err in concluding that the Minnesota Marketable Title Act extinguished an appurtenant easement memorialized on an otherwise valid certificate of title because no notice preserving the easement was filed within 40 years of its creation?

### ANALYSIS

■ Summary judgment is proper when there is no genuine issue as to any material fact and one party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. On appeal from summary judgment, a reviewing court must determine: "(1) whether there are any genuine issues of material fact; and (2) whether the lower court erred in its application of the law." *Lubbers v. Anderson*, 539 N.W.2d 398, 401 (Minn.1995). The facts in

pointment pursuant to Minn. Const. art. VI, § 10.

this case are undisputed, so this court must determine only whether the district court erred in its application of the law. "A reviewing court is not bound by a district court's determination of a purely legal issue." *Summit House Co. v. Gershman*, 502 N.W.2d 422, 423–24 (Minn.App.1993). Statutory construction is a question of law subject to do novo review. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

### I.

Amicus curiae Minnesota Land Title Association urges us to hold that, as a matter of law, the provisions of the Minnesota Marketable Title Act are inapplicable to property that has been registered pursuant to the Minnesota Torrens Act. We must resolve this threshold issue before addressing the specific facts of the case before us.

The Minnesota Marketable Title Act (MTA), Minn.Stat. § 541.023 (1996), was enacted in 1943. 1943 Minn. Laws ch. 529, §§ 1–4. The MTA bars nonpossessory interests that have not been preserved by filing a proper notice, which are based on an instrument executed more than 40 years before the commencement of an action to enforce that interest. The policy underlying the MTA is that "ancient records shall not fetter the marketability of real estate." Minn.Stat. § 541.023, subd. 5. Interests extinguished by the MTA will be referred to as "ancient." This simplifies conveyancing by limiting title searches to the 40-year period immediately preceding the search.

■ The MTA provides in relevant part:
As against a claim of title based upon a source of title, which source has then been of record at least 40 years, no action affecting the possession or title of any real estate shall be commenced * * * to enforce any right, claim, interest, incumbrance or lien founded upon any instrument, event or transaction which was executed or occurred more than 40 years prior to the commencement of such action, unless within 40 years after such execution or occurrence there has been recorded in the office of the county recorder or filed in the office of the registrar of titles in the county in

which the real estate affected is situated, a notice sworn to by the claimant or the claimant's agent or attorney setting forth the name of the claimant, a description of the real estate affected and of the instrument, event or transaction on which such claim is founded, and stating whether the right, claim, interest, incumbrance or lien is mature or immature.

*Id.*, subd. 1. The MTA is not a procedural statute limiting the time in which an action to enforce an ancient interest may be brought; rather it bars the right to exercise that interest more than 40 years after its creation unless proper notice is filed to preserve that interest. *B.W. & Leo Harris Co. v. City of Hastings*, 240 Minn. 44, 48–49, 59 N.W.2d 813, 816 (1953).

The Minnesota Torrens Act, Minn.Stat. §§ 508.01–.84 (1996), was enacted in 1901. 1901 Minn. Laws ch. 237, §§ 1–98. The act established a system of title registration intended to simplify conveyancing by replacing title abstracts with a single certificate of title, free from all interests not recorded with the registrar of titles. *In re Juran*, 178 Minn. 55, 58, 226 N.W. 201, 202 (1929).

The Torrens Act and the MTA appear to be in conflict. The Torrens Act provides that a certificate of title shall be "conclusive evidence of all matters and things contained in it." Minn.Stat. § 508.36. But the MTA provides that unless an interest is preserved by filing notice within 40 years of its creation, that interest is extinguished. Minn. Stat. § 541.023, subd. 1.

■ Whether the MTA applies to registered property and extinguishes an interest that has not been preserved within 40 years of its creation by the filing of adequate notice, despite the memorialization of that interest on an otherwise valid certificate of title, presents an issue of first impression for this court. We must decline to adopt the position urged by amicus curiae and hold that the MTA is applicable to registered property.

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (1996). In ascertaining legis-

lative intent, courts should presume that the legislature "does not intend a result that is absurd, impossible of execution, or unreasonable," and "intends to favor the public interest as against any private interest." Minn. Stat. § 645.17(1), (5) (1996). Where a general provision in one law conflicts with a special provision in the same or another law, this court must assume that the legislature intended both statutes to be effective and should attempt to construe the laws such that both are given effect. Minn.Stat. § 645.26, subd. 1 (1996). Where statutes appear to be in conflict, there are several ways to decide which of two conflicting statutes should be given full effect.

One method is to compare dates of passage. When two laws passed during different sessions of the legislature are irreconcilable, "the law latest in date of final enactment shall prevail." Minn.Stat. § 645.26, subd. 4. *Gale v. Commissioner of Taxation*, 228 Minn. 345, 350, 37 N.W.2d 711, 715 (1949). The MTA was enacted more than 40 years after the Torrens Act and would control accordingly.

Another way to reconcile a conflict between two statutes is to construe one as a special statute that operates as an exception to the remaining general statute. Minn.Stat. § 645.26, subd. 1. However, if a general statute was enacted during a later session of the legislature and it was the manifest intention of the legislature that the general statute should prevail, then the general statute must control over conflicting special statutes. *Id.* The MTA is a general statute because it extinguishes *every* ancient interest, registered or otherwise, that has not been preserved by the filing of adequate notice. The MTA must prevail because it was enacted after the Torrens Act, and the legislature expressed its manifest intention that the MTA should prevail by stating that "*except as provided herein*, ancient records shall not fetter the marketability of real estate." Minn.Stat. § 541.023, subd. 5.

There are several other reasons for our decision that the MTA is applicable to registered property. First, the plain language of the MTA seems to require such an interpretation. The MTA requires that a notice to preserve an interest within 40 years of its creation must be filed in the office of the county recorder (which handles *abstract* title exclusively) *or* in the office of the registrar of titles (which handles *registered* title exclusively). *Id.*, subd. 1. Further, county registrars of title are required to accept notices conforming to the provisions of the MTA. *Id.*, subd. 4. These provisions imply that the notice authorized by the MTA is required to preserve both unregistered and registered interests. A process for recording registered interests would not be included in the MTA if the legislature intended to exempt registered property from the MTA.

The MTA does not specifically exempt registered property from its coverage. Indeed, the MTA lists several interests that remain unaffected by the MTA. *See id.*, subd. 6 (possessory rights are exempt from the MTA, as are rights of the federal government and railroad, public service, educational, and religious corporations). If the legislature had intended to exempt registered property from the MTA, it would have done so explicitly, and it appears from the plain language of the MTA that the opposite effect was intended. *See* Minn.Stat. § 645.19 (1996) ("Exceptions expressed in a law shall be construed to exclude all others."). The MTA applies equally to all interests in land, registered and unregistered, except as specifically excluded within the terms of the statute.

▮ Finally, application of the MTA to registered interests is necessary as a practical matter. Registered title is not necessarily marketable title, and a certificate of title can be clouded by the presence of invalid ancient interests, the *substance* of which may have been extinguished years earlier. A certificate of title constitutes conclusive evidence that an interest relating to a parcel of registered land does exist or has existed, but the certificate of title does not conclusively establish the *validity* of that interest. Mere republication of an extinguished interest in a subsequent certificate of title does not revive the substance of that interest, so certificates of title may contain invalid interests. *Cf. United Parking Stations, Inc. v. Calvary Temple*, 257 Minn. 273, 278, 101 N.W.2d 208,

211–12 (1960) (an easement extinguished by the MTA is not reinstated by a reference to that easement in a subsequent contract for deed). Without the MTA, ancient interests that cloud title to registered property would persist indefinitely. Therefore, the provisions of the MTA must apply to registered property.

As a result of this holding, purchasers of registered property will be required to examine the validity of ancient interests memorialized on their certificates of title. This is a minor burden because a certificate of title is not conclusive of *all* interests that might possibly affect title to a particular parcel. It is incumbent upon the purchaser of registered property to search for claims that do not appear on the certificate of title. *See* Minn.Stat. § 508.25 (1996) (listing interests that retain their effect even when not memorialized on a certificate of title). Requiring the purchaser to inquire into the validity of ancient interests clearly listed on the same certificate is not unduly burdensome.[1] The task is made even less onerous by the MTA's requirement that notice to preserve interests relating to registered property must be filed in the office of the county registrar of titles. Minn.Stat. § 541.023, subd. 1.

For the reasons listed above, we hold that the MTA is applicable to registered property. To preserve an interest relating to registered property, the specific notice requirements of the MTA must be met, even when that interest is memorialized on an otherwise valid certificate of title. If adequate notice is not filed within 40 years of the creation of an interest, that interest will be extinguished by the MTA.

## II.

■ Before the MTA will extinguish an interest in land, the party invoking the MTA must have an adequate source of title, and the party against whom the MTA is invoked must be presumed to have abandoned its interest by failing to file a notice preserving

that interest. *Wichelman v. Messner*, 250 Minn. 88, 112, 83 N.W.2d 800, 819 (1957).

### A. Adequate Source of Title

■ The party invoking the MTA must have "a claim of title based upon a source of title, which source has then been of record at least 40 years." Minn.Stat. § 541.023, subd. 1. The "source of title" can be any instrument that transfers or confirms a fee simple title to real estate. *Id.*, subd. 7. In this case, the source of title was the 1950 conveyance that created the signage easement. The age of the *claim of title* for the party invoking the MTA is immaterial so long as that claim is based on a *source of title* more than 40 years old. McDonald's acquired its claim of title in 1984 when it purchased the McDonald's parcel, the source of title to which was the 1950 conveyance that has been of record for more than 40 years. Therefore, McDonald's had an adequate source of title to invoke the MTA.

■ The party against whom the MTA is invoked must have an interest founded on an instrument executed more than 40 years before an action to enforce that interest is commenced. *Id.*, subd. 1. Appellant's interest in the Hersh parcel, and the appurtenant signage easement, began when it purchased the Hersh parcel in 1995. The signage easement is "founded upon" the 1950 Robinson conveyance, which was executed more than 40 years prior to the commencement of appellant's declaratory judgment action to enforce the easement. Because appellant's interest is adequate, McDonald's can invoke the MTA against appellant.

### B. Presumption of Abandonment

■ The party against whom the MTA is invoked, or its predecessors in interest, must not have filed a notice preserving their interest within 40 years of its creation. *United Parking Stations*, 257 Minn. at 275, 101 N.W.2d at 210. If no notice has been filed, the claimant is "conclusively presumed

---

1. For example, the certificates of title issued to Hersh and McDonald's both refer to the document which created the signage easement in 1950 by the number assigned to that document by the Hennepin County Registrar of Titles. The burden of tracing a registered interest like the signage easement in this case to its original source is very slight, involving only a few moments of research at the office of the Registrar of Titles.

to have abandoned all right \* \* \* based upon such instrument." Minn.Stat. § 541.023, subd. 5. It is undisputed that appellant has failed to file a notice preserving its interest as required by the MTA. But appellant claims that McDonald's had actual or constructive notice of the signage easement because the easement was memorialized on the certificates of title issued with each conveyance of the Hersh and McDonald's parcels.

We disagree. As a matter of common law:

A person who purchases land with knowledge or with actual, constructive or implied notice that it is burdened with an easement in favor of other property ordinarily takes the estate subject to the easement.

*Nolan v. Stuebner*, 429 N.W.2d 918, 922 (Minn.App.1988) (quoting 25 Am.Jur.2d *Easements* § 97 (1966)), *review denied* (Minn. Dec. 16, 1988). But the instant case involves a specific statute, not the common law.

Several cases implicitly hold that constructive or implied notice is inadequate to preserve an ancient interest under the MTA. In *Wichelman*, the extinguished interest was based on the same deed that the party invoking the MTA used to establish its claim of title. 250 Minn. at 96, 83 N.W.2d at 809–10. In *United Parking Stations*, the source of title was the same warranty deed that contained the easement extinguished by the MTA. 257 Minn. at 275, 101 N.W.2d at 210. If a regular deed of conveyance could satisfy the particular notice requirements of the MTA, the parties asserting the ancient interests in *Wichelman* and *United Parking Stations* would have prevailed.

"[A]llowing a deed to be notice of indefinite duration would certainly frustrate the purpose of a marketable title act." Note, *The Minnesota Marketable Title Act: Analysis and Argument for Revision*, 53 Minn. L.Rev. 1004, 1024 (1969). If a deed of conveyance sufficed as notice to preserve an ancient interest, the MTA would essentially be negated because its statute of limitations would begin anew every time a benefited parcel was conveyed. The MTA's specific filing provision prevents a deed of conveyance or certificate of title from acting as adequate notice.

Another reason that a deed of conveyance is insufficient to provide notice is that the MTA requires the notice to contain certain information: the claimant's name, a description of the real estate affected, a description of the instrument on which the claim is founded, and whether the claim is mature. Minn.Stat. § 541.023, subd. 1. Mere mention of an interest in a deed of conveyance or certificate of title does not necessarily provide the specific information required by the MTA.

Appellant did not provide notice as required by the MTA to preserve its interest in the signage easement, and constructive notice is not an adequate substitute for the particular notice required by the MTA. The district court did not commit an error of law in concluding that the MTA extinguished the signage easement in this case, even though that easement was memorialized on an otherwise valid certificate of title, because no notice preserving the easement was filed within 40 years of its creation.

## DECISION

The Minnesota Marketable Title Act is applicable to property that has been registered pursuant to the Minnesota Torrens Act. The trial court correctly held that an appurtenant easement memorialized on an otherwise valid certificate of title is extinguished when that easement was not preserved within 40 years of its creation by the filing of an adequate notice.

**Affirmed.**