60 F.3d 830
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 James M. KULINSKI, Plaintiff-Appellant,
v.
MEDTRONIC BIO-MEDICUS, INC., Defendant-Appellee.
 No. 94-2829.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 12, 1995.
Filed: July 14, 1995.
 
 Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 James M. Kulinski served as the National Sales Manager for Bio-Medicus, Inc., a Minnesota corporation that manufactured and sold medical devices. In January 1990 Kulinski signed a "change of control termination agreement ("CCTA"). A second CCTA agreement was signed in June 1990, providing a sum of 2.99 times his salary base if the company was acquired and Kulinski's reporting responsibilities or title changed. In September l990 Bio-Medicus was acquired by Medtronic, and the new organization became known as Medtronic Bio-Medicus, Inc. Kulinski was given a new offer and assignments. He rejected the offer, terminated his employment, and demanded payment under the CCTA agreement. He filed suit against Medtronic Bio-Medicus in February of 1991. Although he alleged that he is a resident of Virginia and that Bio-Medicus is a Minnesota corporation, he alleged only federal question jurisdiction under the Employment Retirement Income Security Act (ERISA).
 
 
 2
 The district court ruled in Kulinski's favor and entered judgment in September l992. On appeal to this Court, we reversed and vacated the judgment of the district court for lack of subject matter jurisdiction. Kulinski v. Medtronic Bio-Medicus, Inc., 21 F.3d 254, 258 (8th Cir. l994). We held as follows:
 
 
 3
 Kulinski bases his claim solely on ERISA. Jurisdiction likewise is asserted only on the basis of ERISA. Because there is no ERISA plan here, this is not an ERISA case, and federal subject matter jurisdiction is absent. Accordingly, we dismiss the appeal and the cross-appeal, vacate the judgment and orders of the District Court, and remand with instructions that the complaint be dismissed.
 
 
 4
 Id. (emphasis added).
 
 
 5
 On remand, the district court dismissed the case with prejudice. Before the district court's order was entered, Kulinski moved to amend his complaint specifically to allege diversity jurisdiction under 28 U.S.C. Sec. 1332(a)(1) and to allege common-law breach of contract. After the court entered its order, it further denied Kulinski's motion to vacate and request for leave to amend "[b]ased on the mandate issued to this Court by the Eighth Circuit." Kulinski then filed this appeal. He also filed his amended complaint as a new action in the district court. Medtronic has moved in the district court to dismiss that complaint.
 
 
 6
 On appeal, Kulinski challenges the district court's rulings as an abuse of discretion. In opposing the appeal, Medtronic Bio- Medicus urges that the district court did not abuse its discretion and that the amended complaint is barred under principles of res judicata and under the statute of limitations.
 
 
 7
 We find no abuse of discretion in the district court's refusal to vacate its order of dismissal and its refusal to allow the filing of the amended complaint. Following our remand, the district court did not err in dismissing Kulinski's ERISA claim with prejudice for failure to prove a jurisdictional element of his federal claim-the existence of an ERISA plan. We also find no abuse of discretion in the district court's subsequent refusal to vacate its order of dismissal and its refusal to allow the filing of the amended complaint. We therefore need not address the issue- preclusion and statute-of-limitations defenses Medtronic raises. These issues must be raised initially in the district court in the newly filed case.
 
 
 8
 Judgment affirmed.