# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 95-3682

———————

James M. Kulinski,                     *
                                       *
        Appellant,                     *
                                       *
v.                                     *
                                       *
Medtronic Bio-Medicus, Inc.,           *
                                       *
        Appellee.                      *


———————                          Appeal and Cross-Appeal from the
                                 United States District Court
     No. 95-3803                 for the District of Minnesota.
———————

James M. Kulinski,                     *
                                       *
        Appellee,                      *
                                       *
v.                                     *
                                       *
Medtronic Bio-Medicus, Inc.,           *
                                       *
        Appellant.                     *
                              ———————

              Submitted: October 23, 1996

                 Filed:  March 13, 1997
                     ———————

Before BRIGHT and MURPHY, Circuit Judges.[*]
                     ———————

BRIGHT, Circuit Judge.

_____

[*]Judge Magill, who was originally on the panel hearing this appeal, recused himself after oral argument.  Because a quorum of the court exists and the two remaining judges agree on the outcome, a third judge is unnecessary for a determination of this appeal.

James M. Kulinski brought this state law breach of contract action against Medtronic Bio-Medicus, Inc. The district court dismissed Kulinski's action pursuant to Minnesota's statute of limitations for wage claims, Minn. Stat. § 541.07(5)(1990). Kulinski appealed and Medtronic filed a protective cross-appeal arguing that Kulinski's claim was precluded by res judicata. We reverse the dismissal of Kulinski's claim but affirm the denial of Medtronic's cross-appeal.

## BACKGROUND

Kulinski worked for Bio-Medicus, Inc. (Bio-Medicus) as its national sales manager. In January 1990, Kulinski executed a change-of-control termination agreement (CCTA), or "golden parachute" agreement, with Bio-Medicus. This CCTA entitled Kulinski to a lump sum payment as severance if his employment terminated or was otherwise detrimentally affected as the result of a hostile takeover of Bio-Medicus. In June 1990, Kulinski signed a second CCTA which entitled him to severance benefits if his employment terminated or was detrimentally affected as the result of a friendly merger.

In September 1990, Bio-Medicus merged with Medtronic, Inc. to form Medtronic Bio-Medicus, Inc. (Medtronic). Kulinski refused the merged entity's offer of a two-year position at a reduced salary. Kulinski resigned and notified Bio-Medicus and Medtronic, Inc. that he experienced a "change of control termination" under the second CCTA. Bio-Medicus rejected Kulinski's request for his lump sum severance payment.

Kulinski brought his first action against Medtronic on February 26, 1991, asserting a claim under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461 (1988 & Supp. III 1991), for breach of the CCTA. Both parties and the district court agreed that federal question jurisdiction existed under ERISA. Kulinski did not bring any pendant state law claims at this time. After a bench trial, the district court awarded Kulinski $254,566 in severance pay, in addition to attorney's fees, costs, and prejudgment interest.

Medtronic appealed without challenging the application of ERISA. This court held, sua sponte, that no ERISA plan existed and, therefore, the district court lacked subject matter jurisdiction. Kulinski v. Medtronic Bio-Medicus, Inc., 21 F.3d 254, 258 (8th Cir. 1994). We vacated the judgment for Kulinski and remanded the case with instructions to dismiss for lack of subject matter jurisdiction. Id. Kulinski then moved to amend his ERISA complaint to allege a state law breach of contract claim under diversity jurisdiction. The district court denied Kulinski's motion and dismissed the case with prejudice.

Kulinski appealed that decision on July 18, 1994. This court upheld the district court's decision to dismiss Kulinski's ERISA action with prejudice. Kulinski v. Medtronic Bio-Medicus, Inc., No. 94-2829, 1995 WL 413319, at *1 (8th Cir. July 14, 1995) (per curiam) (unpublished).

Before we reviewed that appeal, however, Kulinski filed a new action against Medtronic in federal district court based on diversity jurisdiction. Kulinski raised the state law breach of contract claim that the district court previously dismissed by rejecting Kulinski's motion to amend his first (ERISA) action. Medtronic moved to dismiss this second action pursuant to Fed. R.

Civ. P. 12(b)(6) on the grounds of res judicata and the statute of limitations. The district court held Medtronic's motion under advisement pending Kulinski's appeal.

After Kulinski lost his appeal, the district court granted Medtronic's motion to dismiss Kulinski's state law action as barred by Minnesota's statute of limitations for wage claims, Minn. Stat. § 541.07(5). The court, however, rejected Medtronic's argument that res judicata precluded Kulinski's action. These appeals followed.

## DISCUSSION

Kulinski raises three issues on appeal. Kulinski first argues that his claim is not barred by the statute of limitations because he is not bringing a claim for "wages" for purposes of Minn. Stat. § 541.07(5). Kulinski also argues that, even if the statute applies, his claim is not subject to the statute of limitations because it is saved under Minn. Stat. § 541.18 (1990). Finally, Kulinski seeks equitable relief from the statute of limitations. In addition to contesting Kulinski's appeal, Medtronic argues that Kulinski's claim is precluded by res judicata. We review the district court's dismissal of Kulinski's complaint de novo, Carney v. Houston, 33 F.3d 893, 894 (8th Cir. 1994), and presume all of Kulinski's factual allegations as true. Miree v. DeKalb County, Georgia, 433 U.S. 25, 27 n.2 (1977).

## I.

Section 541.07(5) provides that an action shall be commenced within two years if it is:

> For the recovery of wages or overtime or damages, fees or penalties accruing under any federal or state law respecting the payment of wages or overtime or damages, fees or penalties except, that if the employer fails to submit payroll records by a specified date upon request of the department of labor and industry or if the nonpayment is willful and not the result of mistake or inadvertence, the limitation is three years. (The term "wages" means all remuneration for services or employment, including commissions and bonuses and the cash value of all remuneration in any medium other than cash, where the relationship of master and servant exists . . . )[.]

Minn. Stat. § 541.07(5).

It is undisputed that the time allotted in § 541.07(5) expired before Kulinski filed this diversity action. Nearly four years passed between Medtronic's alleged breach of contract in 1990 and the filing of Kulinski's second action in 1994. Kulinski, however, argues that § 541.07(5) is not applicable because he does not bring a claim for "wages" within the meaning of that section. Instead, Kulinski argues that his action is covered by Minnesota's six-year statute of limitations for actions based "[u]pon a contract or other obligation, express or implied, as to which no other limitation is expressly prescribed . . . ." Minn. Stat. § 541.05, subd. 1(1) (1990). We disagree.

Although it appears that no Minnesota court has specifically addressed whether wages under § 541.07(5) include severance benefits, Minnesota courts consistently hold that "all damages arising out of the employment relationship are subject to [§ 541.07(5)]." Stowman v. Carlson Companies, Inc., 430 N.W.2d 490, 493 (Minn. Ct. App. 1988) (applying Portlance v. Golden Valley State Bank, 405 N.W.2d 240, 243 (Minn. 1987)); see also Levin v. C.O.M.B. Co., 441 N.W.2d 801, 804 (Minn. 1989) (unpaid commissions due pursuant to an employment contract); Portlance, 405 N.W.2d at

-6-

243 (wrongful discharge based on an oral contract of employment allegedly modified by an employees' manual); Worwa v. Solz Enters., Inc., 238 N.W.2d 628, 631 (Minn. 1976) (contractual wage claims); Roaderick v. Lull Eng'g Co., 208 N.W.2d 761, 762-63 (Minn. 1973) (commission or bonus payments); Kohout v. Shakopee Foundry Co., 162 N.W.2d 237, 239-40 (Minn. 1968) (accrued but unpaid vacation pay); Kletschka v. Abbott-Northwestern Hosp., Inc., 417 N.W.2d 752, 755 (Minn. Ct. App. 1988) (salary increases and "adjustment of all fringe benefits"); cf. Adamson v. Armco, Inc., 44 F.3d 650, 652-53 (8th Cir.) (construing Stowman to conclude that Minnesota courts construe § 541.07(5) broadly), cert. denied, 116 S. Ct. 85 (1995). The Minnesota Supreme Court has also explicitly recognized the "broad definition of wages stated in [§ 541.07(5)] . . . ." Roaderick, 208 N.W.2d at 763.

In light of the consistently broad construction given to § 541.07(5), we affirm the district court in considering Kulinski's claim as one within the general concept of wages.[2] The district court did not err in applying the two-year limitation under § 541.07(5).

## II.

Kulinski argues that even if the statute of limitations applies, his claim is "saved" by Minnesota's savings statute:

---

Kulinski proposes a very different reading of Minnesota case law. He cites McDaniel v. United Hardware Distrib. Co., 469 N.W.2d 84 (Minn. 1991), for the proposition that the two-year statute of limitations does not apply unless the claim is either for hourly pay or for wages that would have been earned had the employee not been wrongfully terminated. That action rested on rights created by statute and is, therefore, distinguishable.

Except where the uniform commercial code otherwise prescribes, if judgment be recovered by plaintiff in an action begun within the prescribed period of limitation and such judgment be afterward arrested or reversed on error or appeal, the plaintiff may begin a new action within one year after such reversal or arrest.

Minn. Stat. § 541.18 (1990).  This statute, virtually unchanged since its enactment in 1851, is rarely utilized and is not interpreted by any appellate court.  Furthermore, no legislative history is available.

We start, of course, with the plain language of the statute. Gale v. Commissioner of Taxation, 37 N.W.2d 711, 714-15 (Minn. 1949).  Indeed, simply because the statute is quite old does not release us from our obligation to give the statute its plain meaning.  See, e.g., I.N.S. v. Phinpathya, 464 U.S. 190, 191-92 (1984) (holding that thirty-two-year-old statute must still be given its plain meaning); see also Minn. Stat. § 645.16 ("Every law shall be construed, if possible, to give effect to all its provisions.  When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.").  Kulinski meets the plainly worded requirements of Minn. Stat. § 541.18.  First, he filed his original complaint five months after the alleged breach of contract and within the statute of limitation.  Second, Kulinski prevailed at trial and was awarded over $250,000 in damages.  Third, this court reversed that judgment, not on the merits, but for lack of subject matter jurisdiction. Fourth, Kulinski began this action based on diversity jurisdiction within one year of our reversal.

The district court, however, held the savings statute was "inapplicable to the facts of this case as Kulinski is not bringing

-9-

a new action based on the same claim as had been previously reversed, rather he is asserting a new claim." Dist. Ct. Order at 8. We disagree.

> A 'cause of action' is a situation or state of facts which entitles a party to sustain an action and gives him the right to seek judicial interference in his behalf. Under the Federal Rules of Civil Procedure, the word 'claim' denotes the same thing, i.e. 'the aggregate of operative facts which gives rise to a right enforceable in the courts.'

Rhodes v. Jones, 351 F.2d 884, 886-87 (8th Cir. 1965) (quoting Dery v. Wyer, 265 F.2d 804, 807 (2d Cir. 1959)). Here, Kulinski's claim that Medtronic breached the CCTA agreement is the same in both actions. Thus, both actions share identical operative documents, witnesses, measure of recovery and essentially the same legal issues.[3] The only distinction is that Kulinski now asserts a legal theory, state law breach of contract under diversity jurisdiction, that is different from his ERISA theory. In fact, Kulinski is bringing the same claim.

Significantly, Kulinski did not deliberately or carelessly withhold the state law cause of action as an alternative theory in his original pleading. ERISA is an "enormously complex and detailed statute", Mertens v. Hewitt Assoc., 508 U.S. 248, 262 (1993) and "contains a preemption provision that applies to state common law-based claims . . . ." Bannister v. Sorenson, 1996 WL 731897, at *2 (8th Cir. (Neb.)). This preemptive force explains Kulinski's decision to proceed without alternative state law theories. Indeed, both parties and the district court initially

---

[3]Indeed, the only legal issue present in Kulinski's first (ERISA) action which need not be examined in Kulinski's second action is whether the CCTA constituted an employee welfare benefit plan under ERISA.

believed the CCTA was an ERISA plan and Medtronic's first appeal did not even contest jurisdiction under ERISA.

We refrain from interpreting the statute to permit a plaintiff to bring a different claim on a successive appeal because that issue is not before us. Rather, our holding is narrow. We believe the statute allows a prevailing plaintiff, like Kulinski, to bring a renewed action based on the same claim that he originally sought relief if, through no fault of his own, a jurisdictional error results in the reversal of his judgment on appeal. Accordingly, Kulinski's second action, based on diversity jurisdiction, is covered by the savings statute and, therefore, is not time-barred.

## III.

Because we conclude that the savings statute applies to Kulinski's claim, we decline to reach his request for equitable relief.

## IV.

Medtronic raises a cross-appeal asserting that, even if Kulinski's claim survives the statute of limitations, his claim is precluded by res judicata. Claim preclusion requires three elements: (1) identical parties in the lawsuits; (2) identical claims or causes of action; and (3) a final judgment on the merits in the prior action. Lane v. Peterson, 899 F.2d 737, 741 (8th Cir. 1990). In this case, the parties and claims are identical in both suits. The only issue, then, is whether the district court rendered a final judgment on the merits in the original action. The district court held that the dismissal of Kulinski's first complaint under ERISA for lack of jurisdiction was not an

-11-

adjudication on the merits of that claim and, therefore, was not a final judgment.

Medtronic first argues that res judicata requires Kulinski to plead all bases for jurisdiction in his original pleading.  This argument is inconsistent with our precedent.  In McCarney v. Ford Motor Co., 657 F.2d 230 (8th Cir. 1981), we held that a dismissal based on subject matter jurisdiction:

> should preclude relitigation of the same [jurisdiction] issue but not a second suit on the same claim even if arising out of the identical set of facts. . . . [W]here the second suit presents new theories of relief, admittedly based upon the same operative facts as alleged in the first action, it is not precluded because the first decision was not on the merits of the substantive claim.

Id. at 233-34 (citations omitted); cf. Oglala Sioux Tribe v. Homestake Mining Co., 722 F.2d 1407, 1411 (8th Cir. 1984) (holding second action barred by res judicata because plaintiff "assert[ed] identical claims and jurisdictional grounds" as the first action). Kulinski based his first action on federal ERISA law and his second action on state contract law.  Thus, the dismissal of Kulinski's first action precludes another ERISA claim, but not the same claim under a different theory and jurisdictional basis.[4]

---

[4]Medtronic's attempt to persuade us to ignore our precedent is unconvincing.  Medtronic cites to two cases for support.  Kale v. Combined Ins. Co. of America, 924 F.2d 1161 (1st Cir. 1991); Shaver v. F.W. Woolworth Co., 840 F.2d 1361, 1367 n.2 (7th Cir. 1988). These cases differ significantly from the case at bar because in both Kale and Shaver the original cause of action was dismissed on the merits and with prejudice.  Here, of course, Kulinski's initial claim was dismissed for lack of subject matter jurisdiction and was not on the merits.  Johnson v. Boyd-Richardson Co., 650 F.2d 147, 148 (8th Cir. 1981) ("[W]hen a dismissal is for 'lack of jurisdiction,' the effect is not an adjudication on the merits, and therefore the res judicata bar does not arise.").

Medtronic next argues that a denial of a motion for leave to file an amended complaint has preclusive effect as to claims in the amended complaint. The procedural history of all three cases cited by Medtronic, however, included an adjudication of the first complaint on the merits. See, e.g., King v. Hoover Group, Inc., 958 F.2d 219, 221 (8th Cir. 1992) (original complaint dismissed on summary judgment); Nagle v. Lee, 807 F.2d 435, 443 (5th Cir. 1987) (original complaint dismissed for failure to prosecute); Carter v. Money Tree Co., 532 F.2d 113, 114 (8th Cir. 1976) (original claim dismissed for failure to state a claim). Kulinski's first complaint, on the other hand, was dismissed only for lack of subject matter jurisdiction. We decline to contort the district court's denial of Kulinski's proposed amended complaint into a denial on the merits.

Finally, Medtronic argues that the district court's dismissal "with prejudice" operates as an adjudication on the merits and, therefore, precludes subsequent actions. We disagree. In McCarney, we held the plaintiff's second suit was not barred by the dismissal of his first suit despite its label "with prejudice" because it did not reach the merits. 657 F.2d at 234.

## CONCLUSION

For the foregoing reasons, we reverse the dismissal of Kulinski's contract action and remand for proceedings consistent with this opinion. We affirm the district court's ruling of Medtronic's cross-appeal.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.