# United States Court of Appeals
### FOR THE EIGHTH CIRCUIT

_____

No. 95-3682

_____

James M. Kulinski,                          *
                                            *
            Appellant,                      *
                                            *
        v.                                  *
                                            *
Medtronic Bio-Medicus, Inc.,                *
                                            *
            Appellee.                       *


_____                                 Appeal from the United States
                                            District Court for the District
No. 95-3803                                 of Minnesota.
_____

James M. Kulinski,                          *
                                            *
            Appellee,                       *
                                            *
        v.                                  *
                                            *
Medtronic Bio-Medicus, Inc.,                *
                                            *
            Appellant.                      *

_____

Submitted:  April 17, 1998

Filed:   May 8, 1998

_____

Before BRIGHT and MURPHY, Circuit Judges.[*]

**BRIGHT, Circuit Judge.**

We return to this case following the answer by the Minnesota Supreme Court of a certified question of law relating to Minnesota savings statute, Minn. Stat. § 541.18 (1996). Pursuant to Minn. Stat. § 480.062 (1990), this court certified the following question of law to the Minnesota Supreme Court on May 2, 1997:

> [C]an a plaintiff in the particular circumstances of this case, whose favorable verdict and judgment was vacated on appeal for lack of subject matter jurisdiction, bring the same claim under a different legal theory and be saved by the operation of Minnesota's savings statute, § 541.18 (1990), from the bar of the statute of limitations under Minn. Stat. § 541.07(5) (1990)?

Kulinski v. Medtronic Bio-Medicus, Inc., 112 F.3d 368, 372 (8th Cir. 1997).

In an opinion authored by Justice Tomljanovich dated April 16, 1998, the Minnesota Supreme Court (en banc) in case number C5-97-942, 1998 WL 175678, answered the certified question in the affirmative.

We express our sincere appreciation to the Minnesota Supreme Court for its assistance in this case. The issue certified relates to a difficult issue of construction and interpretation of a Minnesota statute, never previously considered by a Minnesota

---

[*]Judge Magill, who was originally on the panel hearing this appeal, recused himself after oral argument. Because a quorum of the court exists and the two remaining judges agree on the outcome, a third judge is unnecessary for a determination of this appeal.

appellate court.  It concerns a matter appropriate for resolution by the state supreme court.

## I.  PRIOR PROCEEDINGS

Our prior opinion stated the background for this case and the referral to the Minnesota Supreme Court of a certified question.  We reiterate that background here.

James M. Kulinski brought this state law breach of contract action against Medtronic Bio-Medicus, Inc. (Medtronic).  The district court dismissed Kulinski's action pursuant to Minnesota's statute of limitations for wage claims, Minn. Stat. § 541.07(5)(1990).  Kulinski appealed and Medtronic filed a protective cross-appeal arguing that Kulinski's claim was precluded by res judicata.  We reversed the dismissal of Kulinski's claim but affirmed the denial of Medtronic's cross-appeal.  Kulinski v. Medtronic Bio-Medicus, Inc., 108 F.3d 904 (8th Cir. 1997).  Medtronic then filed a petition for rehearing by this panel as well as a  suggestion for rehearing en banc.  We granted the petition for rehearing by the panel and vacated the panel's original opinion, thereby rendering the request for a rehearing en banc moot.

On rehearing by the panel we again agree with the district court's conclusions that the Minnesota statute of limitations, Minn. Stat. § 541.07(5)(1990), applies and again affirm the dismissal of Medtronic's cross-appeal.  However, we certify to the Minnesota Supreme Court, pursuant to Minn. Stat. § 480.061 (1996), the question of the district court's rejection of the application of the savings statute, Minn. Stat. § 541.18 (1990), to the facts of this case.

### BACKGROUND

Kulinski worked for Bio-Medicus, Inc. (Bio-Medicus) as its national sales manager.  In January 1990, Kulinski executed a change-of-control termination agreement (CCTA), or "golden parachute" agreement, with Bio-Medicus.  This CCTA entitled Kulinski to a lump sum payment

as severance if his employment terminated or was otherwise detrimentally affected as the result of a hostile takeover of Bio-Medicus. In June 1990, Kulinski signed a second CCTA that entitled him to severance benefits if his employment terminated or was detrimentally affected as the result of a friendly merger.

In September 1990, Bio-Medicus merged with Medtronic, Inc. to form Medtronic Bio-Medicus, Inc. (Medtronic). Kulinski refused the merged entity's offer of a two-year position at a reduced salary. Kulinski resigned and notified Bio-Medicus and Medtronic, Inc. that he experienced a "change of control termination" under the second CCTA. Bio-Medicus rejected Kulinski's request for his lump sum severance payment.

Kulinski brought his first action against Medtronic on February 26, 1991, asserting a claim under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461 (1988 & Supp. III 1991), for breach of the CCTA. Both parties and the district court agreed that federal question jurisdiction existed under ERISA. Kulinski did not bring any pendant state law claims at this time. After a bench trial, the district court awarded Kulinski $254,566 in severance pay, in addition to attorney's fees, costs, and prejudgment interest.

Medtronic appealed without challenging the application of ERISA. This court held, sua sponte, that no ERISA plan existed and, therefore, the district court lacked subject matter jurisdiction. Kulinski v. Medtronic Bio-Medicus, Inc., 21 F.3d 254, 258 (8th Cir. 1994). We vacated the judgment for Kulinski and remanded the case with instructions to dismiss for lack of subject matter jurisdiction. Id. Kulinski then moved to amend his ERISA complaint to allege a state law breach of contract claim under diversity jurisdiction. The district court denied Kulinski's motion and dismissed the case with prejudice.

Kulinski appealed that decision on July 18, 1994. This court upheld the district court's decision to dismiss Kulinski's ERISA action with prejudice. Kulinski v. Medtronic Bio-Medicus, Inc., 60 F.3d 830 (8th Cir. 1995) (per curiam) (unpublished).

Before we reviewed that appeal, however, Kulinski filed a new action against Medtronic in federal district court based on diversity jurisdiction. Kulinski raised the state law breach of contract claim that the district court previously dismissed by rejecting Kulinski's motion to amend his first (ERISA) action. Medtronic moved to dismiss this second action pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds of res judicata and the statute of limitations. The district court held Medtronic's motion under advisement pending Kulinski's appeal.

After Kulinski lost his appeal, the district court granted Medtronic's motion to dismiss Kulinski's state law action as barred by Minnesota's statute of limitations for wage claims, Minn. Stat. § 541.07(5). The court, however, rejected Medtronic's argument that res judicata precluded Kulinski's action. These appeals followed.

Kulinski, 112 F.3d at 368-70.

In this litigation, Kulinski presents three issues on appeal.

Kulinski first argues that his claim is not barred by the statute of limitations because he is not bringing a claim for "wages" for purposes of Minn. Stat. § 541.07(5). Kulinski also argues that, even if the statute applies, his claim is not subject to the statute of limitations because the claim is saved under Minn. Stat. § 541.18 (1990). In the alternative, Kulinski seeks equitable relief from the statute of limitations.

Id. at 371.

Medtronic argues as an alternative ground for affirmance that Kulinski's claim is precluded by res judicata. Id.

We vacated this court's earlier opinion on this case reported at 108 F.3d 904 (8th Cir. 1997) by granting a rehearing by the panel. On the rehearing, we determined in

our opinion that (1) the employees' severance payments were "wages" for purposes of Minnesota's two-year statute of limitations applicable for recovery of wages and that (2) plaintiff's claim was not barred by the doctrine of res judicata. As to the latter issue, we affirmed the denial of the cross-appeal by Medtronic Bio-Medicus, Inc. Kulinski, 112 F.3d at 373. That opinion resolved those two issues.[1]

In that opinion, we certified the savings statute issue to the Supreme Court of the State of Minnesota. In our referral we said:

> "In the absence of controlling precedent in the decisions of the Minnesota Supreme Court which would enable this court to reach a sound decision without indulging in speculation or conjecture, we believe the better practice is to seek a definitive resolution of th[is] state law question[] by the Minnesota Supreme Court." Kaiser v. Memorial Blood Center of Minneapolis, Inc., 938 F.2d 90, 93-94 (8th Cir. 1991). Accordingly, we certify the following question to the Minnesota Supreme Court pursuant to Minn. Stat. § 480.061: can a plaintiff in the particular circumstances of this case, whose favorable verdict and judgment was vacated on appeal for lack of subject matter jurisdiction, bring the same claim under a different legal theory and be saved by the operation of Minnesota's savings statute, § 541.18 (1990), from the bar of the statute of limitations under Minn. Stat. § 541.07(5)(1990)?

Kulinski, 112 F.3d at 372.

As we have already observed, the Minnesota Supreme Court answered the certified question in the affirmative. Kulinski v. Medtronic Bio-Medicus, Inc., No. C5-97-942, 1998 WL 175678 (Minn. Apr. 16, 1998). The answer to the certified question has now resolved all issues in this case.

---

[1]Kulinski also asked for equitable relief. We do not reach that issue as it is now moot.

The Minnesota Supreme Court addressed two issues when considering the certified question of whether Minnesota's savings statute saves Kulinski's breach of contract action. Minnesota's savings statute provides:

> Except where the uniform commercial code otherwise prescribes, if judgment be recovered by plaintiff in an action begun within the prescribed period of limitation and such judgment be afterward arrested or reversed on appeal, the plaintiff may begin a new action within one year after such reversal or arrest.

Minn. Stat. § 541.18. First, the Minnesota Supreme Court held "that a judgment for the plaintiff, vacated on appeal for lack of subject-matter jurisdiction, is 'reversed' within the meaning of section 541.18" because an alternative construction would defeat the legislative purpose and "a vacated judgment has the same practical effect as reversal." 1998 WL 175678 at *3. Second, the Minnesota Supreme Court decided that the savings statute permits a different legal theory to be raised in a subsequent action as long as the defendant received notice. 1998 WL 175678 at *4-5. The Minnesota Supreme Court concluded that "Bio-Medicus received notice, within the limitations period, of Kulinski's stance--i.e., the termination agreements bound Bio-Medicus to pay severance benefits to Kulinski in the event of a takeover and termination of his employment." 1998 WL 175678 at *5.

For resolution of the Minnesota savings statute issue, we are bound to follow the ruling of the Minnesota Supreme Court on the certified question. See Kaiser v. Memorial Blood Center of Minneapolis, Inc., 977 F.2d 1280 (8th Cir. 1992). Accordingly, we hold that Minn. Stat. § 541.18 saves Kulinski's breach of contract action from the statute of limitations governing wage claims.

## II. CONCLUSION

For the foregoing reasons, we reverse the dismissal of Kulinski's contract action and remand for further proceedings consistent with this opinion and the opinion of the Minnesota Supreme Court.  We affirm the district court's ruling rejecting Medtronic's cross-appeal.

A true copy.


Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.