IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2008

Charles R. Fulbruge III
Clerk

No. 06-31178

EDWARD MILLER

Plaintiff-Appellant

V.

NATIONWIDE LIFE INSURANCE CO.

Defendant-Appellee

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-02334

Before WIENER, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The issue in this case is whether the district court erred in granting the Rule 12(b)(6) motion of Defendant-Appellee Nationwide Life Insurance Company ("Nationwide") to dismiss Plaintiff-Appellant Edward Miller's ("Miller") breach of contract and Securities Act claims for failure to state a claim and res judicata. We REVERSE and REMAND the case to the district court for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Factual and Procedural Background

In 2001, Miller purchased two variable annuity contracts from Nationwide for roughly $1.4 million. Miller chose these particular annuities because they provided him a great degree of control over the types of securities in which he invested and guaranteed his ability to quickly and economically manage his investments. The annuities, which are comprised of various underlying sub-accounts, allow owners like Miller to quickly and without charge select and change the particular sub-accounts into which their funds are placed. To facilitate such active fund management, Miller's annuity contract, styled "Certificate Agreement," guarantees him the right to "transfer variable assets among various funds without charge" and "make telephone exchanges where permitted by state law." The Certificate Agreement also explicitly states "your [Miller's] rights under this Certificate Agreement cannot be taken away from you."

Miller exercised his contract rights and actively transferred assets among the sub-accounts underlying his annuities, but, contrary to the contractual language, in 2002, Miller began incurring fees for these transfers. In 2003, Miller filed a class action, separate from the instant suit, against Nationwide (the "2003 Suit"), alleging that Nationwide's imposition of these transfer-fee charges violated securities laws and represented a breach of contract. See Miller v. Nationwide Ins. Co., No. Civ. A. 03-1236, 2003 WL 22466236 (E.D. La. Oct. 29, 2003). The district court in the 2003 Suit dismissed Miller's securities law claims as prescribed and dismissed the breach of contract claim pursuant to the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 77(p), which mandates dismissal of any class action raising state law misrepresentation claims concerning a covered security. See id. at *6. Further, the district court found that Miller's breach of contract claim against Nationwide should also fail

because "documents in the public record evidence the fact that Nationwide was not responsible for imposing the fees in question." Id. Thus, the district court dismissed all of Miller's claims "with prejudice." Id. Miller appealed the judgment, and a separate panel of this court affirmed the district court's dismissal. See Miller v. Nationwide Ins. Co., 391 F.3d 698, 703 (5th Cir. 2004).

Despite the unsuccessful 2003 Suit, Miller carried on his relationship with Nationwide and continued to trade sub-accounts within his annuities; however, Miller encountered further obstacles to his management of the annuities as Nationwide imposed additional restrictions on his sub-account transfers. For example, in 2004 Nationwide informed Miller that it was limiting the number of telephone and internet transfers he could make to twenty per year. Also, Miller claims that Nationwide failed to provide him with a prospectus, which outlined new transfer fees, dated May 1, 2005, until sometime after June 7, 2005, and Miller alleges that this delay caused him to incur a substantial cost in transfer fees.

In 2006, Miller brought the present suit against Nationwide (the "2006 Suit"), leading to the instant appeal.[1] In the 2006 complaint, Miller alleged: 1) that Nationwide breached the Certificate Agreement by charging a fee for transferring assets among various funds ("transfer fees claim"), 2) that Nationwide breached the Certificate Agreement by limiting his right to make transfers via telephone ("telephone transfer claim"), and 3) that Nationwide violated the Securities Act of 1933 by failing to timely provide Miller with its May 1, 2005 prospectus ("late prospectus claim").[2]

---

[1] Miller's present 2006 Suit is an individual suit, not a class action.

[2] In his complaint, Miller actually brought four claims against Nationwide, but Miller stipulated to dismiss one of the claims. Thus, only the three claims listed above are relevant to this appeal.

Before the district court, Nationwide filed a motion to dismiss these claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as barred by res judicata. During a hearing on the matter, the district court granted Nationwide's motion and dismissed all of Miller's claims in an oral order unaccompanied by written opinion. The district court dismissed Miller's transfer fees claim under Rule 12(b)(6)[3] and dismissed the other two claims, the telephone transfer claim and the late prospectus claim, on res judicata grounds.[4] Miller now appeals the district court's dismissal of all three claims.

## Analysis

This court reviews de novo a district court's disposition of a motion to dismiss either under Rule 12(b)(6) for failure to state a claim or for res judicata. See Test Master Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005); Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough, 354 F.3d 348, 351 (5th Cir. 2003). Applying this standard, we turn to Miller's claims.

## A. The Transfer Fees Claim and Telephone Transfer Claim

In reviewing the grant of a motion to dismiss under Rule 12(b)(6), we take all the facts alleged in the complaint as true. See Kennedy v. Chase Manhattan Bank USA, N.A., 369 F.3d 833, 839 (5th Cir. 2004). Further, we construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor. See Lovick v. Ritemoney, Ltd., 378 F.3d 433,

---

[3] Specifically, the district court stated "I'm going to go ahead and rule on the first cause of action that I do feel, regardless of whether res judicata applies, . . . that the first cause of action should be dismissed under 12(b)(6)."

[4] The district court stated "this was dismissed with prejudice . . . . I just feel that res judicata applied."

437 (5th Cir. 2004); see also Priester v. Lowndes County, 354 F.3d 414, 418 (5th Cir. 2004) (noting that motions to dismiss are viewed with disfavor and rarely granted). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).

Miller's complaint alleges that "Nationwide breached the contract by charging Miller a fee for transferring variable assets among various funds" despite a contractual guarantee that no transfer fees would be charged. Identifying specific instances of Nationwide allegedly charging transfer fees, Miller claims that "Nationwide reduced the contract balance [of his annuity] by an amount equal to one percent (1%) of the amount transferred out of a sub-account . . . ."

Nationwide argues that Miller's complaint fails to state a claim because documents in the public record show that Nationwide did not charge the fees in question. Specifically, Nationwide contends that the annuities' prospectuses from 2002 and beyond reveal that the underlying mutual funds, not Nationwide, charged the complained-of transaction fee. For example, a 2002 supplemental prospectus states that "some underlying mutual funds may assess (or reserve the right to assess) a short term trading fee . . . any short-term trading fees paid are retained by the underlying mutual funds, not by Nationwide." The District Court accepted these arguments by Nationwide and thereupon dismissed Miller's transfer fees claim for failure to state a claim.

We cannot agree with the district court's judgment, however, because the complaint, viewed in the light most favorable to the plaintiff, pleads facts that plausibly support a claim. Miller claims that Nationwide charged him transaction fees, and he cites specific instances of Nationwide billing and withdrawing money from his annuity account in payment of such fees, despite contractual guarantees to the contrary. While Nationwide's argument that the

underlying mutual funds, not Nationwide, charged these fees may create a disputed factual issue as to Miller's allegations, resolution of such a factual dispute is improper under a 12(b)(6) inquiry.[5]  At the 12(b)(6) stage, we take the complaint as true and view the facts in the light most favorable to the Plaintiff to determine whether a plausible claim has been made.  See Kennedy, 369 F.3d at 839; Lovick, 378 F.3d at 437.  Miller alleges specific instances of Nationwide billing his account, and though we may consider documents in the public record in our 12(b)(6) evaluation of Miller's complaint,[6] the public-record prospectuses cited by Nationwide do not conclusively refute Miller's allegations.  Thus, we hold that Miller's complaint states a valid claim for relief and that dismissal of the claim under Rule 12(b)(6) was improper.

Alternatively, Nationwide asserts that even if 12(b)(6) dismissal of Miller's claim was improper, the district court's dismissal of the transfer fees claim should be upheld because the claim is barred by res judicata.  However, we conclude that it is not barred by res judicata because Miller has never received a final judgment on the merits of his transfer fees claim.

---

[5] As further evidence that there is a factual dispute best resolved by the district court on remand, we note that, on February 5, 2008, Miller's counsel submitted a letter to us pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure detailing that the majority of the mutual funds charging a fee to Nationwide's annuity holders have been, and are, "managed by indirect subsidiaries of either Nationwide Mutual Insurance Company or Nationwide Financial Services, Inc."

[6] See, e.g., Papasan v. Allain, 478 U.S. 265, 269 n.1 (1986) ("Although this case comes to us on a motion to dismiss under Federal Rule of Civil Procedure 12(b), we are not precluded in our review of the complaint from taking notice of items in the public record . . . ."); Fin. Acquisition Partners LP v. Blackwell, 440 F.3d 278, 286 (5th Cir. 2006) ("[T]he court may . . . rely on 'public disclosure documents required by law to be, and that have been, filed with the SEC, and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit . . .'") (internal citation omitted); Mahone v. Addicks Utility Dist, 836 F.2d 921, 924 n.1 (5th Cir. 1988); see also 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 n.1 (3d. ed 2008) (chronicling instances of courts considering matters in the public record in evaluating 12(b)(6) motions).

We apply federal res judicata principles because this case falls under federal-question jurisdiction.[7]  See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 324 n.12 (1971) ("In federal-question cases, the law applied is federal law.  This Court has noted, 'It has been held in non-diversity cases since Erie R. Co. v. Tompkins, that the federal courts will apply their own rule of res judicata.'") (internal citations omitted).

Under federal law, res judicata bars relitigation of an issue if four conditions are met: 1) the parties in the later action are identical to the parties in the prior action, 2) judgment in the prior action was rendered by a court of competent jurisdiction, 3) the prior action concluded with a final judgment on the merits, and 4) the same claim or cause of action was involved in both suits. See United States v. Shanbaum, 10 F.3d 305, 310 (5th Cir. 1994).  If these conditions are satisfied, a plaintiff is prohibited "from raising any claim . . . in the later action that was or could have been raised in support of . . . the cause of action asserted in the prior action."  Id. at 310 (emphasis original).

Regarding his transfer fees claim, Miller concedes that three of these elements are met: the parties are the same, the 2003 Suit was before a court of competent jurisdiction, and the same breach of contract claim based on transfer fees was brought in the 2003 Suit.  Miller argues, however, that res judicata does not bar his present transfer fees claim because in the 2003 suit he never received a final judgment on the merits of this claim, which was dismissed as precluded under SLUSA.  Miller's argument is persuasive because our precedent

---

[7] Miller's claim based on the Securities Act of 1933, 15 U.S.C. § 77a, triggers federal-question jurisdiction, see 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"), and federal supplemental jurisdiction extends to Miller's breach of contract claims.  See 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

demonstrates that the SLUSA dismissal of his claim constitutes a jurisdictional dismissal rather than a judgment on the merits.

Federal Rule of Civil Procedure 41(b), provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits." Id. (emphasis added). Thus, Rule 41(b) contains an exception providing that claims dismissed for lack of jurisdiction are considered not to have been dismissed on the merits and therefore not to hold res judicata effect. See 18A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4436 n.1 (2d ed. 2002) ("There is little mystery about the res judicata effects of a judgment that dismisses an action for lack of subject-matter or personal jurisdiction or for improper venue. Civil Rule 41(b) provides that a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits."); see also id. ("Although a dismissal for lack of jurisdiction does not bar a second action as a matter of claim preclusion, it does preclude relitigation of the issues determined in ruling on the jurisdiction question.").

The Supreme Court has defined Rule 41(b)'s lack-of-jurisdiction exception expansively to include rulings like the SLUSA dismissal of Miller's 2003 transfer fees claim. See Costello v. United States, 365 U.S. 265, 285 (1961); 18A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4435 n.27 (2d ed. 2002). The Court expressly held that the lack-of-jurisdiction exception was not limited to "the fundamental jurisdictional defects which render a judgment void and subject to collateral attack, such as lack of jurisdiction over the person or subject matter"; instead, the Court broadened the exception to cover "those dismissals which are based upon a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim." Costello, 365 U.S. at 285.

Under this standard, the dismissal of Miller's 2003 transfer fees claim constitutes a jurisdictional dismissal because it was based on Miller's "failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim," id., viz., Miller's attempt to bring a class action claim precluded by 15 U.S.C. § 77p(b).[8] See Kircher v. Putnam Funds Trust, 547 U.S. 633, 644 (2006) ("If the action is precluded [under SLUSA], neither the District Court nor the state court may entertain it, and the proper course is to dismiss"). Accordingly, the panel of this court that considered Miller's 2003 transfer fees claim found that SLUSA mandated dismissal of Miller's breach of contract claim and precluded any evaluation of its merits. Id. In a footnote, the panel specifically stated as much:

> We express no opinion as to whether Miller . . . had a valid claim for state law breach of contract. We hold only that the statute of limitations ran as to any Securities Act claim and that SLUSA required dismissal of the state contract claim because plaintiff included with his state contract claim allegations of an "untrue statement."

Id. at 702 n.3.

Thus, SLUSA prevented our prior panel from reaching the substance of Miller's claim,[9] so the dismissal was "jurisdictional" for purposes of Rule 41(b)

---

[8] Because the instant suit is not a class action, it is not similarly precluded by SLUSA. See 15 U.S.C. § 77p.

[9] Though the district court in the 2003 Suit commented on Miller's transfer fees claim in dicta, that had no impact on our res judicata analysis. In the 2003 Suit, the district court offered two reasons for dismissing Miller's transfer-fees breach of contract claim. First, the district court found that Nationwide was not responsible for imposing the fees in question and second the court held that SLUSA's preclusion provision, 15 U.S.C. § 77p(b), mandated that the action be dismissed. See Miller, 2003 WL 22466236 at *6. Considering the 2003 Suit on appeal, a panel of this court addressed only whether SLUSA mandated dismissal of Miller's breach of contract claim. See Miller, 391 F.3d at 702.

The district court's comment on the merits of the 2003 claim has no res judicata effect in the present suit because once the district court determined that Miller's breach of contract

and res judicata. See Costello, 365 U.S. at 285; 18A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4435 n.27 (2d ed. 2002). As such, it does not constitute a final judgment on the merits and cannot bar Miller's present suit.

Nationwide argues that regardless of the grounds upon which Miller's prior claim was dismissed, the dismissal of Miller's suit "with prejudice" suffices to trigger a res judicata bar to the claim. Essentially, Nationwide urges that we hold that any "with prejudice" comment associated with a dismissal categorically triggers a res judicata bar. However, our precedent does not demonstrate such an unwavering categorical approach, and we decline to adopt one here. While we have considered a dismissal with prejudice to indicate a final judgment on the merits in most instances, see, e.g., Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 n.8 (5th Cir. 1993) ("[A] dismissal which is designated 'with prejudice' is 'normally an adjudication on the merits for purposes of res judicata.'"), we have never held that a dismissal with prejudice is per se a final judgment on the merits; rather we have found analogous jurisdictional

---

action was precluded under SLUSA, it was forced to dismiss the claim for lack of jurisdiction. See Kircher, 547 U.S. at 644 ("If the action is precluded [under SLUSA], neither the District Court nor the state court may entertain it, and the proper course is to dismiss"). Thus, the district court had no authority to reach the merits of the issue. The prior panel opinion in the 2003 Suit implicitly recognized as much, limiting its holding regarding Miller's transfer fees claim to dismissal based on SLUSA preclusion and expressly declining to address the merits of the claim. See Miller, 391 F.3d at 702 n.3.

Thus, because the district court in the 2003 Suit could not pass on the merits of Miller's SLUSA claim, any statement in the district court's opinion regarding the merits of Miller's SLUSA claim was dicta, see Int'l Truck and Engine Corp. v. Bray, 372 F.3d 717, 721 (5th Cir. 2004) ("[a] statement is dictum if it could have been deleted without seriously impairing the analytical foundations of the holding and being peripheral, may not have received the full and careful consideration of the court that uttered it.") (internal punctuation omitted), and dicta has no res judicata effect. See Pegues v. Morehouse Parish School Bd., 706 F.2d 735, 738 (5th Cir. 1983) (holding that dicta from a prior panel's consideration of a case could not serve as a basis for res judicata in later consideration of the same case); cf. 18A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4436 (2d ed. 2002) ("[A] determination by an appellate court that the action must be dismissed for lack of jurisdiction of that court system prevents any use of the trial court findings as issue preclusion . . . .").

dismissals insufficient to serve as final judgments on the merits for res judicata purposes. See, e.g., Darlak v. Bobear, 814 F.2d 1055, 1064 (5th Cir.1987) (holding that a dismissal under the Eleventh Amendment is not "on the merits" for res judicata purposes); Nilsen v. City of Moss Point, Miss., 701 F.2d 556, 562 (5th Cir. 1983) (en banc) (holding, in a res judicata context, that "[d]ismissals for want of jurisdiction are not decisions on the merits . . . ."). Moreover, our sister circuits have consistently held that "with prejudice" designation does not categorically create a res judicata bar. See, e.g., Adams v. Cal. Dept. of Health Svc., 487 F.3d 684, 692 n.2 (9th Cir. 2007) ("[A]ccording res judicata effect to the dismissal with prejudice of the second suit would be error in this case because [plaintiff] would have been deprived of a full and fair opportunity to litigate her first action."); American Cyanamid Co. v. Capuano, 381 F.3d 6, 17 (1st Cir. 2004) (holding that a dismissal with prejudice contained in a consent decree is not a final ruling on the merits); Ansari v. Bella Automotive Group, 145 F.3d 1270, 1272 (11th Cir. 1998) (holding that res judicata would not bar a second filing of the same suit in state court when an action was dismissed "with prejudice" for failure to meet an amount-in-controversy requirement); Kulinski v. Medtronic Bio-Medicus, Inc., 112 F.3d 368, 372–373 (8th Cir. 1997) (holding that a "with prejudice" dismissal for lack of subject-matter jurisdiction did not preclude a properly presented second action on the same claim). As discussed above, the dismissal of Miller's transaction fees claim was based on a lack of jurisdiction, so regardless of the "with prejudice" designation,[10] the dismissal was not a final judgment on the merits. Cf. Darlak, 814 F.2d at 1064; Nilsen, 701 F.2d at 561. Thus, the claim is not barred by res judicata.

---

[10] We note that this opinion does not endeavor to revisit or re-characterize the 2003 judgment as dismissed "without prejudice," rather we hold that the "with prejudice" comment appended to the dismissal of the 2003 suit has no res judicata effect in this instance.

For the same reasons, we hold that res judicata does not bar Miller's telephone transfer claim. Miller's breach of contracts claims in the 2003 Suit were resolved on jurisdictional grounds rather than with a final judgment on the merits, so the 2003 suit has no res judicata effect on Miller's present breach-of-contract based telephone transfer claim.

Because Miller's transaction fees claim and telephone transfer claim properly state claims under Rule 12(b)(6)[11] and are not barred by res judicata, the district court erred in dismissing them.

## B. Late Prospectus Claim

The district court also erred in dismissing Miller's late prospectus claim, which asserts that Nationwide violated the Securities Act of 1933, 15 U.S.C. § 77a et seq, by failing to timely provide a prospectus as required by law. Though Miller bases his late prospectus claim on Nationwide's alleged actions in May and June of 2005, the district court held that the 2003 Suit, which concluded in a Fifth Circuit opinion rendered on November 19, 2004, creates a res judicata bar to Miller's claim. However, this holding contravenes the basic res judicata principle that a matter can be barred only if the parties have had full and fair opportunity to litigate the claim. See, e.g., Liberto v. D.F. Stauffer Biscuit Co., Inc., 441 F.3d 318, 328 n.31 (5th Cir. 2006) ("Judicial finality-the predicate for res judicata-arises only from a final decision rendered after the parties have been given a reasonable opportunity to litigate a claim before a court of competent jurisdiction.") (citation omitted); Harper Macleod Solicitors v. Keaty

---

[11] Nationwide contends that Miller's telephone transfer claim should be dismissed under Rule 12(b)(6), but such an argument is meritless. Miller pled his telephone transfer claim sufficiently to survive a 12(b)(6) challenge by alleging that 1) his contract with Nationwide provides him the right to make telephone exchanges where permitted by state law and 2) after January of 2005, Nationwide breached its contract by limiting telephone exchanges and refusing to accept phone orders.

& Keaty, 260 F.3d 389, 395 (5th Cir. 2001) ("Traditional rules of preclusion as adopted in federal case law-whether under the doctrine of collateral estoppel or res judicata-require that the party to be estopped from re-litigating a claim have had a full and fair opportunity to litigate the issue") (emphasis added). Since judgment in the 2003 Suit was rendered before the facts underlying Miller's late prospectus claim arose in 2005, Miller cannot be said to have had "a full and fair opportunity to litigate the issue," Harper Macleod Solicitors, 260 F.3d at 395, so res judicata cannot serve to bar his late prospectus claim.[12]

## Conclusion

For the foregoing reasons we REVERSE the district court's dismissal of Miller's claims and REMAND for proceedings consistent with this opinion.

---

[12] Nationwide also contends that Miller's late prospectus claim should be dismissed under Rule 12(b)(6), but again the argument is meritless. Miller pled his late prospectus claim sufficiently to survive a 12(b)(6) challenge by alleging that 1) he transferred assets to purchase certain bonds in June 2005, 2) at that time, Nationwide had not yet provided him with a prospectus, dated May, 2005, which indicated that Nationwide would charge a fee for the sale of those particular bonds, 3) he sold the bonds and incurred the fee, and 4) he would not have purchased the particular bonds if he were aware of the fee. See 15 U.S.C. § 77l.